E. D. HEWINS, INC. *vs.* MARLBORO COTTON MILLS.

Middlesex. November 19, 1923. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Agency,* Commission. *Contract,* What constitutes, Implied.

The declaration in an action by a commission agent against a manufacturing corporation contained three counts. The first count was upon an account annexed for a commission on sales made by the defendant to a certain purchaser between October 1, 1916, and October 1, 1917. The second count was for damages for breach of an alleged contract whereby the defendant agreed to pay the plaintiff commissions on all business ever done by the defendant with such purchaser. The third

count set out in substance an agreement to the effect that the plaintiff should disclose purchasers to the defendant and would be protected as to all orders given by such purchasers to the defendant directly or through the plaintiff, that the plaintiff made a contract with the defendant for a commission for all such sales, and that such sales were made to the specified purchaser, wherefore the defendant claimed a commission. There was evidence that the plaintiff had been paid commissions for sales made to the specified purchaser previous to February, 1916; that in May, 1916, the defendant by a letter had sought to put an end to any authority on the part of the plaintiff to act as its selling agent; that the sales for which the plaintiff sought to recover a commission occurred after May, 1916. There was a verdict for the defendant on the first two counts of the declaration and for the plaintiff on the third count. The defendant alleged exceptions. The plaintiff in his brief contended that under the third count he was entitled to be paid the fair value of his services as broker and agent in disclosing a purchaser of the defendant's goods. *Held,* that

(1) The verdicts for the defendant on the first and second counts conclusively established that there was no express or implied contract for the payment of a commission to the plaintiff on the sales here in question;

(2) The verdicts for the defendant on the first two counts were incompatible with any liability on the part of the defendant on the third count;

(3) The plaintiff could not recover on any theory of unjust enrichment.

CONTRACT for commissions for the sale of goods of the defendant. Writ dated December 3, 1917.

The declaration is described in the opinion. There was a trial in the Superior Court before *Walsh,* J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its behalf on the third count. The motion was denied. The jury found for the defendant on the first and second counts and for the plaintiff on the third count in the sum of $1,311.80. The defendant alleged exceptions.

*C. F. Lovejoy,* (*E. B. Cook* with him,) for the defendant.
*L. E. Green,* (*R. W. Hale* with him,) for the plaintiff.

RUGG, C. J. This is an action of contract. The plaintiff is an agent selling cotton goods and cotton fabric for manufacturers on commission. The defendant is a manufacturer of goods of that description.

The present controversy arose out of relations between the parties begun and concluded, so far as direct transactions

are concerned, in 1915 and 1916. There was no contract in writing between the parties. The defendant by letter of May 22, 1916, sought to put an end to any authority on the part of the plaintiff to act as selling agent for it.

There was evidence tending to show that the plaintiff sold certain goods for the defendant to the East Palestine Rubber Company by two separate contracts, one made in November, 1915, deliveries on which continued to April 1, 1916, and the other made in February, 1916, deliveries on which continued until October 1, 1916, and that the plaintiff was paid in full for commissions on those sales. The present action relates to sales subsequent to May, 1916, made by the defendant directly to the East Palestine Rubber Company without the immediate intervention of the plaintiff. The plaintiff seeks to recover something on account of these subsequent sales on the ground that the East Palestine Rubber Company was a new customer introduced to the defendant by the plaintiff and that by reason of the conversations between the representative of the plaintiff and the representative of the defendant contractual obligation arose on the part of the defendant to pay the plaintiff for such subsequent sales.

The president of the plaintiff was the only witness at the trial. His testimony tended to support his contention that a perpetual contract was made whereby the plaintiff was to receive a commission on all sales as long as the defendant did business with the East Palestine Rubber Company.

There were three counts in the plaintiff's declaration. The first count was upon an account annexed for a commission on sales of goods made by the defendant to the East Palestine Rubber Company between October 1, 1916, and October 1, 1917. The second count was for damages for breach of an alleged contract whereby the defendant agreed to pay the plaintiff commissions on all business ever done by the defendant with the East Palestine Rubber Company. The third count sets out in substance an agreement between the parties to the effect that the plaintiff should disclose purchasers to the defendant and would be protected as to all orders given by such purchasers to the defendant directly

or through the plaintiff, and that the plaintiff made a contract with the defendant for a commission on all such sales; that such sales had been made to the East Palestine Rubber Company; wherefore, the defendant owed the plaintiff the commission. The plaintiff in its brief states concisely its claim on the third count to be that " it is entitled to be paid for the fair value of its services as broker and agent in disclosing and producing a purchaser of the defendant's goods." The jury returned verdicts for the defendant on the first and second counts and for the plaintiff on the third count. The defendant's exceptions bring the case here.

The plaintiff under the first or second count might have recovered if the jury had believed either that there was an express contract or an implied contract between the parties for a commission. The verdicts for the defendant on those counts conclusively establish that there was no express or implied contract for the payment of a commission to the plaintiff on the sales here in question. The verdicts for the defendant on the first two counts are incompatible with any liability on the part of the defendant on the third count.

The testimony of the plaintiff's only witness fails to establish any ground of liability on the third count. The plaintiff cannot recover on any theory of unjust enrichment. The case at bar is too plainly distinguishable from *Van Deusen* v. *Blum*, 18 Pick. 229, *Dickey* v. *Trustees of Putnam Free School*, 197 Mass. 468, *Wheelock* v. *Zervitas*, 229 Mass. 167, to require discussion.

A verdict for the defendant should have been directed on the third count. The case has been fully tried. Exceptions are sustained and, in accordance with G. L. c. 231, §§ 122 and 124, judgment is to be entered for the defendant.

*So ordered.*