N. LEVINSON, Appellant, v. ALVIN C. HAGERMAN et al., Appellees.

No. 41455.

SEPTEMBER 20, 1932.

Smith & Feeney and L. R. Boomhower, for appellant.

Senneff, Bliss, Witwer & Senneff, for appellees.

DE GRAFF, J.—The plaintiff was injured while riding as a guest in the defendant's automobile. The plaintiff alleges in his petition that he is a single person and a lawyer, and that he was injured "by and through the negligence, carelessness, and recklessness of the defendant in the operation of said automobile." It must be conceded under the issues of this case that the allegations of carelessness and negligence find no place here, and are not determinative allegations. The charge of recklessness is based in substance on the allegation that the automobile was driven at an excessive rate of speed on a paved highway upon which there was snow and ice, and in failing to retard the speed in approaching a bank of snow. In an amendment to the petition the plaintiff alleges recklessness on the part of the defendant, who was driving the automobile heedlessly, without care, and in disregard of consequences, failing to reduce the speed of said automobile in attempting to pass through the bank of snow at the point where the automobile left the highway, resulting in injuries to both plaintiff and defendant. At the conclusion of the testimony offered by the plaintiff the trial court, on motion of the defendant, directed a verdict for the defendant.

The testimony introduced showed that the plaintiff Levinson and the defendant Moersch lived in the town of Clear Lake, but had their places of business respectively in Mason City, Iowa, which is ten miles east of Clear Lake. The plaintiff ordinarily travelled between the two towns on an interurban car and the defendant Moersch drove an automobile. About 8:15 A. M. on the morning of January 19th, 1931, the plaintiff was waiting for the interurban car, and upon the approach of the defendant Moersch, the plaintiff, upon invitation of Moersch, got in the latter's car and started for Mason City. It was a bright and clear morning, cold but not freezing. Snow had fallen the evening before, and in some places there was snow on the pavement and at others the wind had swept the snow off. There was about six inches of snow in the ditch along the

paving. At the place where the accident happened the snowplow had passed over the highway. Snow had been thrown up along the south side of the highway by the snowplow to a height of 12 to 18 inches. Automobiles were travelling on the north track of the highway which had been cleared by the snowplow. A number of automobiles had already passed over the highway that morning.

The plaintiff Levinson was sitting in the front seat of the car with the driver Moersch, and states that the speed was about 45 miles an hour. A young woman whose car they passed just before the accident testified about 40 miles an hour. The record discloses that at some places the roadway was worse than in others and the defendant Moersch slackened the speed at some of these places and at others he did not. After they had travelled seven or eight miles, just after passing the young woman, who was driving at the rate of 25 miles an hour, they went over the top of a slight hill, and plaintiff states the car gained momentum as it went down the hill, so that the car was travelling about 50 miles an hour. The contractor who built the road testified that the grade on the hill is one and one half per cent, or "eighteen inches drop to the hundred feet." As they were travelling down this slight decline, the right wheels of the car got too close to the snow which had been thrown up on the south part of the paving. There is no evidence that the car skidded on any snow or ice. The evidence shows that the right wheels got into this snow on the south side of the paving and continued to get further into it until the car went on the shoulder of the roadway and into the ditch. On account of the right wheel's getting into the snow and the left wheel's being on the cleared pavement, the car apparently was pulled to the right, which unquestionably was the reason it left the travelled highway. There was not much snow in the ditch, but just ahead of where the car went off on the shoulder of the pavement there was a steel culvert, running under a driveway leading into a farmer's home. The right front wheel hit this culvert and caused the car to jump into the air, and this caused the plaintiff to strike his head on the top of the car, causing the injury of which he complains. After passing over the culvert the car struck a telephone pole eleven feet east of the driveway, causing the pole to break off.

It appears from the testimony that poles are more brittle in winter than in summer.

The plaintiff's petition is bottomed on the ground of recklessness. Negligence is not enough. In Siesseger v. Puth, 213 Iowa 164, this court said in the course of an exhaustive opinion on the construction to be placed on the guest statute:

"In light of the circumstances under which said chapter 119 was passed, it is apparent, we think, that the Legislature intended the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless' one must be more than 'negligent.' Recklessness may include 'willfulness' or 'wantonness,' but if the conduct is more than negligent, it may be 'reckless' without being 'willful' or 'wanton', but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' "

If reckless means "proceeding without heed of or concern for consequences", or if reckless implies "no care coupled with disregard for consequences", may it be said that the conduct of the defendant Moersch was such as to show that he was proceeding without heed of consequences and that he had no regard for consequences? A speed of 50 miles per hour is not evidence of recklessness in and of itself. The evidence shows that Moersch did slow up at some of the places where the roadway was bad. At the point of the accident the travelled part or north half of the roadway was practically clear of snow. Had the driver of the car not driven too close to the piled-up snow on the south of the travelled highway, there would have been no accident.

What was said in the recent case of Wilde v. Griffel, 214 Iowa 1177, may well be repeated, as to the construction of the statute here involved. This statute means that the plaintiff must show some act which would be pronounced an utter indifference to the safety of the guest in his car. No such indifference is shown here. The plaintiff and the defendant Moersch were going from their respective homes to their respective places of business. The defendant Moersch was as interested in reaching Mason City in safety as was his guest.

1300

We said in Neessen v. Armstrong, 213 Iowa 378, quoted in Wilde v. Griffel, supra:

"The mind is prone to look upon the result, but unless the acts of the defendant would have been reckless within the meaning of the law without the resulting injury to Neessen, they are not reckless merely because Neessen lost his life."

In the case at bar, if we divorce our minds from the result to plaintiff, we cannot say that the defendant Moersch was more than negligent, if he was that. This might have been a case for the jury if the charge were based merely on negligence. Under our statute and decisions we have no such thing as degrees of negligence, and even though negligence be great, it is still negligence. See Hanna v. Central States Electric Co. (1930), 210 Iowa 864; Siesseger v. Puth, 213 Iowa 164. Negligence does not rise to the standard fixed by our statute, to wit, recklessness. As we said in the Siesseger case, recklessness implies no care coupled with disregard for consequences.

In the case at bar the defendant Moersch had as much at stake as the plaintiff. The record discloses that the defendant Moersch suffered injuries. Both occupants of the car were injured, and under the evidence it may not be said that the defendant Moersch drove the car in which they were riding with "no care coupled with disregard for consequences." This being true, the trial court was correct in directing a verdict for the defendant.—Affirmed.

STEVENS, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.