MAUDE M. NEWVILLE, Appellant, v. A. W. WELLER, Appellee.

No. 42194.

NOVEMBER 21, 1933.

REHEARING DENIED MARCH 9, 1934.

Chester J. Eller, for appellant.

Hallagan, Fountain & Stewart, for appellee.

CLAUSSEN, J.—The defendant was, at the time under inquiry, the owner of a Dodge sedan. He and all other parties interested in this matter were residents of Des Moïnes. Early in the morning of June 12, 1932, he and a young lady, named Dorothy Harvey, and plaintiff and her husband and another party left Des Moines in the defendant's sedan, for the purpose of going to Spirit Lake and Lake Okoboji. The road which they took ran through Algona. About twenty miles out of Algona one of the tires gave way and the defendant replaced it with the spare tire. After the tire was changed Dorothy Harvey drove the car and proceeded to Algona, and then drove westward on a paved highway. It appears that the cracks in the paving had been filled with asphalt, and that the excess asphalt produced small humps on the pavement. As the car was driven along the pavement there was some bumping; whether the bumping was due to the small humps of asphalt or to some other cause is not disclosed by the record. This bumping caused some comment, and when about four miles west of Algona the defendant told the driver to stop the car and alighted and looked at the tires. He re-entered the car and told the driver to proceed. About eight miles further on, while traveling at about 55 miles per hour, the tire gave way, the car ran off the road, and plaintiff was seriously injured. The

record indicates that the spare tire, which was placed in service as above related, had a cut or hole in it, but that an innerliner had been placed in the casing for the purpose of remedying this defect. There is nothing in the record to indicate that the tire blew out through the cut or hole in it; in fact the record indicates no more than that the tire blew, out. This action is brought to recover damages for the injuries sustained by the plaintiff in the accident, and is bottomed upon the theory that the defendant was reckless in permitting the car equipped with a defective tire to be operated at an excessive rate of speed. Upon the conclusion of the plaintiff's testimony, a motion was made by the defendant for a directed verdict, which was sustained by the court. The motion for a directed verdict contained twelve grounds. It was sustained generally. From the action of the trial court in directing such verdict, plaintiff appeals.

Appellant assigns thirteen errors, but in the last analysis all questions presented resolve themselves into one, namely: Was there sufficient evidence to warrant the submission to the jury of the question whether the car was being recklessly operated at the time of the accident? Bearing in mind the significance assigned to the word "recklessness" by this court (Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46), it is difficult to see how either the defendant, or the driver of the car, was reckless. There is nothing to indicate that the paving was not in first-class condition, or that the accident happened on a bend or curve. There is no showing that Dorothy Harvey knew anything about the condition of the tires of the car. There is nothing in the record which suggests that at the time the spare tire was put in use the defendant had any reason to anticipate that it was not reasonably adequate. The character of the cut or hole in the tire is not revealed by the evidence. Defendant had taken the precaution of installing an innerliner in the tire. The record does not indicate that the tire ultimately failed on account of the cut or hole. It is a matter of common knowledge that tires sustain injuries in the form of cuts and holes and still give many miles of safe service. The tire did stand up for 30 miles or more after being put on the car. The tire in question may have failed on account of the cut or hole, notwithstanding the protection of an innerliner, or it may have failed on account of any one of the numerous defects which cause such failures. It is true that one of the witnesses testified that after the accident the defendant stated that he should not have put the tire on the car. At the time the statement was made it was an

obvious truth, for serious consequences had resulted from the act, but the statement does not indicate that the defendant had knowledge, at the time he placed the tire in service, that it was unsafe.

It will be observed that the defendant was the owner of the car, but that it was being driven by Dorothy Harvey. Code section 5026-b1 provides that the "owner or operator" of a motor vehicle shall not be liable for any damages to a guest unless the damage is caused by "the reckless operation by *him* of such motor vehicle." There is no evidence in the record to indicate that Dorothy Harvey had any knowledge of the condition of the tires of the car. It seems certain that she was not guilty of recklessness in driving the car as she did, for there was nothing to suggest any degree of danger in so doing. Appellee argues that under the Code section, to which reference has been made, there can be no liability unless the *operator* of the car was reckless. Appellant on the other hand contends that the appellee is answerable on the basis of recklessness in permitting the operator of the car to drive it at a rate of speed which was excessive in the light of its equipment. The question is whether the antecedent of the pronoun "him," set forth in italics above, is "owner" or "operator," or both owner and operator. We need not determine this controversy, for we have reached the conclusion that there is no evidence in the record that either the defendant or the driver of the car was guilty of recklessness. There was not sufficient evidence to warrant the submission of the question of recklessness to the jury. The judgment of the trial court is affirmed.—Affirmed.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.