RALPH S. STANBERY, Guardian, Appellee, v. KENNETH JOHNSON, Appellant.

No. 41837.

Harvey J. Bryant, and Putnam, Putnam, Langdon & Fillmore, for appellant.

Stanley L. Haynes and Senneff, Bliss & Senneff, for appellee.

Albert, J.—The jury would be warranted in finding the following facts, under the record in this case:

The appellant, Kenneth Johnson, was the owner of a Studebaker coupe, equipped with a rumble seat. This car was known to Johnson to be defective, in that, because of the loose steering gear, when the car was driven at a certain speed it would "shimmy" and would turn to the left when the brakes were applied.

On the 19th of July, 1931, Alma Hendon became a guest in said car, at Mason City, Iowa. The purpose of the trip was to transport Marjorie Wren to her home in Cresco. When the trip was initiated, Johnson was driving the car, and Marjorie and another girl were seated in the seat with him. Alma Hendon and Joe Buckland occupied the rumble seat, Alma sitting on the left side. Johnson drove the car from Mason City to Plymouth at about 30 miles per hour. At Plymouth, Rose Buckland took the wheel and drove to Riceville at about the same speed. They stopped at this town for a short time, and then pursued their journey. Marjorie Wren took the wheel, Kenneth Johnson sat in the middle, and Rose Buckland to his right. The road on which they were traveling was a graveled highway. About 7 miles east of Riceville the car left the highway, went down over the embankment, crashed through a barbed wire fence, and Alma was severely injured. The road at the point where the accident occurred was rough and "wash-boardy". The ruts were not deep, but shallow. The rough spot in the road was perceivable by

one approaching from 150 to 200 feet. At the time of the accident the car was traveling some 30 to 35 miles per hour. The car started to shake and shimmy, and Johnson grabbed Marjorie's hands from the wheel and told her to step on the brake, which she did, and the car swerved to the left and went down over the embankment, and the injuries occurred.

Marjorie Wren testifies that she rode with Johnson in this car something over a week before and the car then shimmied and turned to the left on the application of the brakes, and Johnson told her that it was the brakes that made it do that, that said brakes were out of adjustment and the front wheels had a tendency to lock or grab, and that caused the car to turn to the left. This was also told by Johnson to A. W. Wren, the father of Marjorie. While this condition of the car was known to Johnson, it was not known to Alma Hendon. From where she sat in the rumble seat of the automobile, she was unable to see even the driver of the car or the road ahead. The shimmying of the car at the time of the accident was the first time it had thus performed on that day; otherwise it had run normally.

■ One of the defenses set up in this action was the assumption of risk. This defense merits no attention. The doctrine of assumption of risk would of necessity be bottomed on the knowledge on the part of Alma of the defective condition of the car, and the record is not only barren of proof of such knowledge, but it negatives the same. See Gorman v. Brick Mfg. Co., 99 Iowa 257, 68 N. W. 674; White v. McVicker, 216 Iowa 90, 246 N. W. 385; Johnson v. McVicker, 216 Iowa 654, 247 N. W. 488; 5 C. J. 1413.

■ This case was tried on the theory (and the jury was so instructed) that the appellee was entitled to recover on the theory of negligence and also on the theory of recklessness, and the first question raised in this case is the correctness of this theory of the law. The appellant insists that, if the appellee is entitled to recover at all, she must recover on the ground of recklessness under the guest statute. The appellee seems to be rather inconsistent in her theory of the case. As we gather her theory, it corresponds to the instruction that she could recover either on the ground of recklessness or the ground of negligence. The claim of the appellee, briefly stated, is that the guest statute has no application to the facts in this case because this car was driven by its owner at the time the accident occurred. This theory is applied by the appellee on the following

situation, growing out of the law and the amendments thereto in the Code.

Section 5026 of the Code of 1924 reads as follows:

"In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

This section was amended by chapter 119 of the Acts of the Forty-second General Assembly, reading as follows:

"That the law as it appears in section five thousand twenty-six (5026) of the Code, 1924, be and the same is hereby amended by adding at the end thereof the following:

"Provided, however, the owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

When the Code of 1931 was compiled, this amendment was put in what is now section 5026-b1. By comparison, however, with the aforesaid act (chapter 119), it will be noticed that the words "provided, however," have been omitted, and this amendment is set out as an independent section of the Code. The appellee argues that, taking the original text of the amendment of the Forty-second General Assembly, by reason of the proviso therein, the section as amended has no application to a case where the owner is driving his own car. In other words, appellee argues that section 5026, applies only to two conditions: (1) Where the car is driven by a person under fifteen years of age, and (2) where it is driven by some other person with the owner's consent; and it is contended that the proviso put on by the amendment must be limited to the above-stated two conditions, and that, as neither of those covers a car driven by the owner, therefore the guest statute covered by the proviso is not applicable.

The origin of this line of statutes was section 12 of chapter 275, Acts of the Thirty-eighth General Assembly, which is as follows:

"No person under fifteen (15) years of age shall operate or drive a motor vehicle by permission from the owner of the car unless such person be accompanied by a person of mature years and in all cases where damage is done by any car driven by any person under fifteen (15) years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

This section was remodeled by the Fortieth Extra General Assembly (H. F. 277, section 158), and by it re-enacted in the form in which it now appears as section 5026 of the Code of 1931.

At the time section 5026 went into operation, what was the liability of one who was driving his own automobile, for damages done by the automobile while being so operated, in so far as a guest was concerned? When one was the owner and was driving his own car, he was liable in tort to his guest for injuries received by such guest through the negligence of such driver. This was the common-law liability. In the enactment of section 5026, this liability was enlarged by making such owner and driver liable when he permitted a person under fifteen years of age to drive his car. Also he was made liable for damages where his car was being driven by his consent, and his liability as owner was thus enlarged and continued until the enactment of chapter 119 of the Forty-second General Assembly. The legislature declared the purpose of this enactment to be an amendment to section 5026 of the Code of 1924 "so as to limit the civil liability of owners and operators of automobiles." We think this amendment, in so far as what is known as the guest phase of it is concerned, is all-inclusive, and that the intent and purpose of the legislature was to restrict, or, as it states, to limit the liability of owners and operators of automobiles.

On the basis stated in enacting this proviso in the aforesaid chapter 119, the legislature had before it the wide field of liability of the automobile owner as it then existed, and with that knowledge it intended to take away all the liability of the owner of the car so far as guests were concerned, except in two instances: (1) where the car was being driven by one under the influence of intoxicating liquor; or (2) because of the reckless operation by him of such motor vehicle.

We therefore conclude, so far as the matters under consideration are concerned, that the fact that the owner of this car was driving

the same does not put him outside the protection of the guest statute, the purpose of which was to relieve the owner of the car from liability for damages to a guest in all cases except the two specified.

The appellee argues, however, that if the guest statute does apply to the situation before us, she still was entitled to recover herein, because, under the fact situation, there is sufficient evidence to support the finding that the appellant was reckless in the operation of the car. As shown by the evidence, this claim of recklessness is bottomed on the thought that the appellant drove, or permitted his car to be driven in his presence, while the same was known to him to be defective, in that it shimmied by reason of the loose steering gear, and that, when the brakes were applied, the car turned to the left, and therefore the appellant was guilty of recklessness.

It is apparent from all our previous holdings that the driving of an automobile while some part thereof is defective is negligence. In the case of Fleming v. Thornton, 217 Iowa 183, 251 N. W. 158, we had this question before us, and there said:

"Further than this, the fact that the defendant was attempting to operate her touring car while the same was not equipped with efficient brakes, at most, was only negligence and does not rise to a charge of recklessness."

We have cases of our own and many cases are found in the books holding that one driving a car which is defective or inefficient is guilty of negligence. We have never held, however, nor is there any case called to our attention that holds, that defects in the mechanism of a car, known to the driver, are held to be recklessness. We have effectively disposed of this question in the Fleming case above cited.

We have announced the rule in this court that the proof of negligence alone will not support allegations of recklessness; in other words, where the charge is recklessness, it may be established by the proof of negligence, plus other elements which raise it to the dignity of recklessness. This additional proof is wholly wanting in the case before us. The most that can be said of the proof adduced in this case is that it proves negligence and does not prove recklessness.

We are not to be understood as holding that under no circumstances can speed amount to recklessness. What we have said in this opinion applies to the fact situation before us alone.

Error is also assigned in the court's instruction defining reck-

166

lessness. The objection made is not tenable because the instruction here comes within the rule laid down in the cases of Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46; and Kaufman v. Borg, 214 Iowa 293, 242 N. W. 104.

██ On the submission of the case to the jury, the court submitted two interrogatories. In answer to the first one, the jury replied that the guilty negligence of the defendant was the *proximate* cause of the injury to plaintiff's ward; and the second is answered that, in the operation of the car in a reckless manner, the recklessness was the *proximate* cause of the injury. In other words, the jury found two proximate causes, which is an inconsistency and an impossibility. See Ashley v. Hill, 21 Ala. App. 603, 110 So. 597; Manhattan, etc., R. Co. v. Keeler, 32 Kan. 163, 4 P. 143; Hewins, Inc., v. Marlboro Cotton Mills, 249 Mass. 67, 143 N. E. 900; Crow v. Monroe (Tex. Civ. App.) 273 S. W. 886; City of Kaufman v. French (Tex. Civ. App.) 171 S. W. 831; Ball v. Wabash R. Co., 35 Ont. L. 84. It is therefore apparent that the court erred in submitting both negligence and recklessness to the jury, and that the ruling of the court on the appellant's motion to direct a verdict should have been sustained and the attack on the answers to the special interrogatories should have been sustained because they were inconsistent.

Certain other errors are argued which we do not pass upon at the present time, and the reversal is based upon the matters above set out.—Reversed.

All Justices concur.