LuVERNE PETERSEN, by his next friend, HENRY PETERSEN, Appellant, v. ALLAN DETWILLER et al., Appellees.

No. 42508.

JUNE 23, 1934.

Chas. S. White, for appellant.

Miller, Miller & Miller, and Graham & Graham, for appellees.

ANDERSON, J.—This is an action for damages brought in behalf of Lu Verne Petersen, a minor by his next friend, grounded upon

section 5026-b1 of the 1931 Code. The section mentioned is as follows:

"Liability to guest. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

The facts as disclosed by the record are not in serious dispute. It appears that Allan Detwiller, one of the defendants and appellees, was, on the 23d day of June, 1931, about 1 o'clock in the afternoon, driving an oil truck down what is known as the Anderson hill on the highway about four miles east of Audubon and was traveling toward Audubon. The plaintiff Lu Verne Petersen was a guest riding in the cab of the car with Detwiller. It is fair to assume that the highway in question going down the hill had been somewhat cut up by reason of truck traffic thereon, and that it had recently been dragged, partly filling the ruts, in some places full and in others very little. Detwiller, the driver, testifies that he might have been going twenty-five or thirty miles an hour when he came to the top of the hill; that the first part of the hill was not rough or rutted to any extent, and that he did not experience any difficulty in passing over it; that as he passed over the second part of the hill a front wheel of the truck hit some silt in the road and the truck began to sway, that he tried to right it but was unable to do so, and after swaying from one side of the road to the other two or three times it upset; that the truck traveled ten or twelve rods during the time it was swaying and he was attempting to right it and gain control, before it turned over. The boy was injured when the truck turned over, losing a part of one of his hands. The only witness, other than Detwiller, who saw the accident and testified in reference thereto, was one Jorgensen, who was driving on the same road toward the oil truck. He says he noticed the oil truck swaying from side to side as it came over and down the hill, and that it was traveling thirty-five or forty miles an hour toward him; and that it continued at such a speed until it turned over near the bottom of the hill. The testimony of this witness in reference to the speed of the truck is not very convincing. It is difficult, if not impossible, to even approximate the speed of

a vehicle moving directly toward a witness nearly a quarter of a mile away. After the accident Detwiller said to Jorgensen and Henry Petersen, the father of Lu Verne, that he guessed he was driving a little too fast. Detwiller was familiar with the highway where the accident occurred, but had not traveled over it that day prior to the accident. He had been over the road a few days before, however. There is no dispute in the evidence of Detwiller's testimony that the truck hit some silt in the road and skidded and got out of control of the driver, Detwiller. The truck was carrying about one-half load of gas at the time of the accident and there is testimony that this would have a tendency to accelerate the side sway of the truck under the conditions just prior to the accident. The foregoing includes practically all of the material testimony in the record at the time both parties rested and the defendants made a motion for a directed verdict. This motion was sustained, and the plaintiff appeals.

There are several attempted assignments of error, but appellant abandons all of them except one. Appellant says in his brief and argument:

"In the strictest sense there is but one real question for determination and that is, was there sufficient evidence to take the case to the jury? If so, the court erred in directing the verdict and if there was not sufficient evidence on the question of recklessness the verdict should be upheld."

The concession above quoted was no doubt induced by the appellee's attack upon the assignments of error as not being in conformity with Rule 30 of this court, and while none of the assignments are specific and probably do not literally comply with the rule, we are disposed to consider the case as it is presented to us on the single question that the court erred in directing a verdict on account of insufficient evidence on the question of recklessness.

In Siesseger v. Puth, 213 Iowa 164, 239 N. W. 46, we had the statute here involved under consideration, and Mr. Justice Grimm of this court reviewed carefully and fully all of the pronouncements of this court and most, if not all, of the decisions of the courts of other states bearing upon the section of the statute in question, or other similar enactments. The facts in many of the cases cited and quoted from by Justice Grimm were very similar to the facts and circumstances as disclosed by the record in the

present case. In that case, after a very careful consideration of the decisions of this and other states, this court adopted the following definition in reference to "recklessness" as used in the section of the statute above quoted. In that case we said:

"In light of the circumstances under which said chapter 119 (5026-b1) was passed, it is apparent, we think, that the legislature intended the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless', one must be more than 'negligent.' Recklessness may include 'willfulness' or 'wantonness,' but if the conduct is more than negligent, it may be 'reckless' without being 'willful' or 'wanton', but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.'

"This necessarily follows in the statute under consideration from the fact that the primary purpose of the statute is to relieve the host from liability for injury to his guest, resulting from negligence. The statute exempts the host from liability for 'negligence' as ordinarily defined, but holds him liable under two specific exceptions."

This definition has ample support in the decisions of this and other courts. It must be concluded that conduct showing a reckless disregard of the rights of others is entirely distinct from mere negligent conduct. "Recklessness" is conduct which indicates an indifference and utter disregard to the consequences of action, and must not be confused with conduct arising from inadvertence or error in judgment. The ruling in the Siesseger-Puth case has been before this court in many decisions since the filing of the opinion in that case. See Neessen v. Armstrong, 213 Iowa 378, 239 N. W. 56; Kaplan v. Kaplan, 213 Iowa 646, 239 N. W. 682; Wilde v. Griffel, 214 Iowa 1177, 243 N. W. 159; Levinson v. Hagerman, 214 Iowa 1296, 244 N. W. 307; Koch v. Roehrig, 215 Iowa 43, 244 N. W. 677; Phillips v. Briggs, 215 Iowa 461, 245 N. W. 720; Welch v. Minkel, 215 Iowa 848, 246 N. W. 775; Shenkle v. Mains, 216 Iowa 1324, 247 N. W. 635; Brown v. Martin, 216 Iowa 1272, 248 N. W. 368; Newville v. Weller, 217 Iowa 1144, 251 N. W. 21; Stanbery v. Johnson, 218 Iowa 160, 254 N. W. 303, and in all of the cited cases, the rule and definition adopted in the Siesseger-Puth case has been approved and reannounced in varying language.

422

No benefit could possibly result from a re-examination of the cases and a re-statement of the law as therein pronounced. From a very careful examination of the record in the case at bar, we conclude that there was not sufficient evidence of recklessness to warrant a submission to the jury. Indeed, it is very doubtful as to whether the record even shows a plain case of negligence. It necessarily follows that the action of the lower court must be, and it is, affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, STEVENS, DONEGAN, MITCHELL, and ALBERT, JJ., concur.