MILDRED REED, Appellee, v. ALBERT PAPE, and ALBERT PAPE, as Administrator, Appellant.

No. 44535.

FEBRUARY 7, 1939.

REHEARING DENIED MAY 5, 1939.

Milchrist, Schmidt & Marshall, Jepson, Struble & Sifford, and Putnam, Putnam, Fillmore & Putnam, for appellant.

Yeaman & Yeaman, for appellee.

HALE, J.—The facts in this case, as shown by the evidence and as set out in the petition, are that the plaintiff, who was a married woman and a resident of Nebraska, was visiting her relatives in Sioux City and staying at the time at the Jackson Hotel. In the early morning of March 30, 1937, she was visiting her brother, who was a porter at a beer parlor. While there she met the defendant, Albert Pape, with whom she had not theretofore been acquainted, and, at his invitation, entered his car with the intention on her part of being driven to her hotel, located at Fifth and Jackson streets. Instead of conducting her to her hotel the driver turned north on Douglas street, and at the intersection of Douglas street and Fourteenth street came into collision with a Yellow Cab, in which collision the plaintiff was injured.

Both Douglas street and Fourteenth street are paved streets and have a considerable amount of traffic on them. On the night in question it had been raining, but the center of the street had apparently dried off to some extent. On Douglas street, which is 38 feet wide, a number of cars were parked on both the east and west sides of the street at the time.

It is conceded that the car which defendant was driving, and which was the property of his father, now deceased, was driven with the consent of the owner. There is also no question that the plaintiff was a guest at the time of the accident.

Going north on Douglas street there is a considerable upgrade, but the street is downgrade from Thirteenth to Fourteenth street. As is usual, there is a considerable difference of opinion as to the speed at which the car was proceeding when the accident occurred. The plaintiff alleges it was traveling 60 to 65 miles an hour, while the defendant driver claims that the speed was about 25 miles per hour. The evidence of the plaintiff as to speed is supported to some extent by the testimony of the driver of the Yellow Cab, who states that the speed of the Pape car at the time of the impact was between 50 and 60 miles per hour.

The claim of recklessness on the part of the defendant Albert Pape consists in the high rate of speed, weaving back and forth from one side of the street to the other, failure to keep a lookout, and failure to attempt to apply brakes or slow down at

the intersection, and failure to accede to the request of the plaintiff to slow down. All these matters were alleged by plaintiff in her petition and to this petition the defendant filed answer, admitting the accident and that the plaintiff was a guest in the Pape car, together with a general denial of all matters not admitted.

Under the issues thus made trial was had and verdict rendered in favor of the plaintiff. Exceptions to instructions were duly filed, and motion for a new trial, which were overruled. From such order of the court, and the court's failure to direct a verdict at the close of plaintiff's testimony and at the conclusion of the evidence, the defendant appeals.

Defendant urges a number of errors, all of which will be noticed as far as is necessary.

I. Defendant urges that the court erred in failing and refusing to submit to the jury the issue that the sole proximate cause of the collision was the acts and conduct of the driver of the Yellow Cab; and also in failing and refusing to instruct that the defendant, in the operation of his car, had the right to assume that the driver of the Yellow Cab would obey the law in respect to keeping a proper lookout until, in the exercise of ordinary care, he should have known otherwise. Also the defendant urges the failure and refusal of the court to give instruction No. 17 requested by the defendant, in substance that the driver of the Yellow Cab was under a duty to reduce his speed to a reasonable and proper rate, and to have his cab under control when approaching or traversing the intersection in question; and that Albert Pape had the right to assume that the driver of the cab would obey the law.

As to all three of these alleged errors instructions were duly asked and refused. So far as each instruction is concerned, it was correct as an abstract statement of the law; but in order for the court to be warranted in giving them it would be necessary that they have support in the evidence. Unquestionably the driver of the Pape car had the right to assume that the car coming into the intersection from the right would obey the law in all respects. The only direct evidence as to speed indicates that the driver of the Yellow Cab was proceeding at a rate not to exceed 8 or 10 miles per hour, that he was on the proper side of the street, and, in the event of both cars coming into the intersection at the same time, he would have the right of way. Of

course, it was his duty to keep a lookout and proceed at a reasonable rate of speed; but nowhere in the evidence is there any indication that he did otherwise. Under such a state of the evidence it was not necessary that the court should call attention to the matters asked for in the three instructions requested by the defendant. Fry v. Smith, 217 Iowa 1295, 253 N. W. 147; Hoover v. Haggard, 219 Iowa 1232, 260 N. W. 540.

II. The defendant urges that the court in giving instruction No. 1 should not have submitted the specification of recklessness which is as follows:

"In making no attempt to apply his brakes and slow down at any of said intersections, including that of Fourteenth and Douglas Streets; * * *."

We are compelled to disagree with counsel as to the effect of the evidence on this particular specification. The plaintiff in her testimony states that she does not think he slowed down, but that "it seemed that he went faster." There is, of course, the evidence of the defendant Albert Pape, who states that he did "slam on the brakes" just as he saw the cab. Under all the circumstances of the accident and the testimony of the only witnesses who had any personal knowledge of it, we think there was presented a jury question on this specification of recklessness.

III. Defendant assails instruction No. 12 given by the court, as follows:

"You are instructed that if you find from a preponderance of the evidence in this case that the plaintiff, Mildred Reed, was injured by reason of the recklessness of the defendant, Albert Pape, in the operation of said automobile in which the plaintiff was riding at the time and place in question, the defendants are liable in this case, even though the negligence or wrongful act of some third person may have contributed to, concurred with or combined with such recklessness on the part of the defendant, Albert Pape, in causing the injury and damage complained of."

It is urged that no specific ground of recklessness is referred to in this instruction. Standing alone this instruction would be erroneous. But the instructions given by the court, one of which was instruction No. 13 given by the court at the request of the defendant and in which the court said, "Recovery, if any, in this case can only be based upon some act of recklessness as

·claimed by the plaintiff and set forth in these instructions directly causing the injuries,'' and a number of the instructions, told the jury that they should consider only the evidence and the issues submitted in the case,—particularly in instruction No. 14 and in instruction No. 3, where the issues are referred to and the jury instructed that ''such are the issues you are required to try and determine from the evidence submitted to you, under the instructions * * *.''

Under the general rule that instructions are to be considered as a whole, we fail to see that the jury could have been misled in any respect by instruction No. 12, which is directed properly to the question of liability of the defendant even though there was concurrent liability on the part of someone else. We think all the instructions, if read together, fairly state the issues, and that, so far as this particular objection is concerned, there was no prejudice.

■ IV. Objection is also made to the statement of the issues in the case and authorities are cited to the effect that the pleadings should not be copied verbatim in the court's instructions. It is true that this court has condemned this custom at various times, and especially where the copied pleadings contained allegations foreign to the issues. It is elementary that no allegations should be submitted that are unsupported by the evidence. The copying of the pleadings, however, though not approved, is not necessarily error, and it has often been held by this court that where the pleadings concisely and clearly state the issues the court may adopt them and use them. See Graham v. Ochsner, 193 Iowa 1196, 188 N. W. 838. From an examination of the instruction we feel that it does so fairly and properly present the issues and the claims of the plaintiff. Such being the case we hold that there was no error in this respect.

■ The defendant, however, does argue that instruction No. 1 contains matters not pertinent to the issues and prejudicial allegations foreign to the issues in the case. The part of instruction No. 1 to which defendant takes particular exception is as follows:

''That the plaintiff, at the invitation and request of the defendant, Albert Pape, as aforesaid, entered said automobile near the intersection of Fifth Street and Pearl Street in the City of Sioux City, Woodbury County, Iowa, to be driven to the Jack-

son Hotel located at Fifth Street and Jackson Street in the City of Sioux City, Woodbury County, Iowa, at a point four blocks east of said intersection of Fifth and Pearl Streets in said City; that the plaintiff was a guest in said automobile and not a passenger for hire; that when the plaintiff entered said car at the invitation and request of the defendant, Albert Pape, said defendant drove the car east on Fifth Street toward the Jackson Hotel for a distance of one block to the intersection of Fifth Street and Douglas Street in said City, at which point the said defendant turned the car to the left and proceeded north on Douglas Street at a speed of from 60 to 65 miles per hour and to and across the intersection of Fourteenth Street and Douglas Street; * * *."

Defendant contends that the instruction was prejudicial for the reason that it permitted the jury to draw an inference that the plaintiff was not willingly in defendant's car at the time of the accident, but we are not able to place any such construction upon the quoted part of the instruction. It is true that the plaintiff testified that they were not proceeding to the original point of destination, but the portion of the instruction set out nowhere indicates that she was unwillingly in the car at the time of the accident. We think there was no error in the giving of the instruction or the inclusion therein of the portion objected to.

V. The defendant as grounds Nos. 1 and 2 of his objections urges the failure of the court to sustain the motions for a directed verdict and for a new trial. The two grounds may be considered together, and both of them depend upon the question of recklessness. It is claimed by the defendant, and very strongly urged, that this case, under the issues and the evidence, is merely a case of negligence and is not a case of reckless operation of the car. As heretofore stated, the plaintiff was concededly a guest, so that if recovery is to be had in this action it can be only on the ground that the actions of Albert Pape were of reckless character.

This question has been many times gone over by this court. The statute is a familiar one and was enacted for a good and useful purpose. It is true that the grounds for recovery under the guest statute [Code 1935, section 5026-b1] are exceptional and not general. A guest cannot recover against the driver or own-

er except for intoxication or reckless operation. And recklessness has been too many times defined by this court to render it necessary to do more than refer to it here. Recklessness was defined in the case of Neessen v. Armstrong, 213 Iowa 378, 383, 239 N. W. 56, and also in Siesseger v. Puth, 213 Iowa 164, 182, 239 N. W. 46; and it has been approved in many subsequent cases, including Wilde v. Griffel, 214 Iowa 1177, 243 N. W. 159, and Levinson v. Hagerman, 214 Iowa 1296, 244 N. W. 307, and cases following, one of the last of which is the case of Mescher v. Brogan, 223 Iowa 573, 272 N. W. 645, decided in 1937.

It is undoubtedly true, and a number of recent cases so hold, that speed alone will not be considered as recklessness. Wilson v. Oxborrow, 220 Iowa 1131, 264 N. W. 5; Mayer v. Sheetz, 223 Iowa 582, 273 N. W. 138, and cases therein cited. In many cases no one factor could be definitely assigned as recklessness, but a combination of various factors would be required. In the recent case of Mescher v. Brogan, supra, this matter is referred to and this court, in an opinion by Hamilton, J., says:

"It was not speed alone. It was speed, plus limited visibility, plus the turn in the highway. Was this conduct recklessness, or was it merely failure to exercise ordinary care? We think it was a matter properly submitted to the jury. The record is not one upon which the minds of all reasonable men could come to but one conclusion." [223 Iowa 580, 272 N. W. 650.]

In the instant case there are various factors aside from speed which would necessarily have to be taken into consideration. There was evidence to support the claim that the car was swerving from side to side; that the street was to some extent wet; that up to Thirteenth street there was an incline and a downgrade from that point on; that the time was two o'clock in the morning; that there was a cross street, one of the frequently used arteries of travel, Fourteenth street, and that the defendant driver made no effort to stop and did not diminish his speed in approaching this street, the view of which was to some extent obstructed. We believe that all these factors, combined with the element of speed, were sufficient to take the case to the jury and that it was properly submitted.

Finding no error, we feel that the case should be affirmed. —Affirmed.

HAMILTON, STIGER, SAGER, BLISS, and OLIVER, JJ., concur.