Sven STERNER, Appellee,

v.

**U.S. PLYWOOD–CHAMPION PAPER,
INC., Appellant.**

No. 74–1892.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1975.

Decided July 21, 1975.

Ross H. Sidney, Des Moines, Iowa, for appellant.

H. Richard Smith, Des Moines, Iowa, for appellee.

Before LAY, WEBSTER and HENLEY, Circuit Judges.

LAY, Circuit Judge.

U.S. Plywood-Champion Paper, Inc., appeals from a jury verdict of $27,000.00 in a product liability case tried under Iowa law. In September 1969, Sven Sterner purchased a can of Weldwood Contact Cement, an all-purpose adhesive manufactured by the defendant for retail sale. While he was using the adhesive in the kitchen of his mobile home it ignited, causing a flash fire which injured him. In his complaint, the plaintiff pleaded alternatively (1) strict liability for a defective product, and (2) negligence in failing to provide adequate warning on proper and safe use of the product. By special interrogatory, the jury rejected the plaintiff's first theory but found in his favor on the theory of negligence. Judgment was entered on the verdict and this appeal followed.

The defendant alleges several grounds of error on appeal: (1) that the district court erred in denying defendant's motions for a directed verdict and judgment n. o. v. since (a) the warnings provided on the label were sufficient as a matter of law, and (b) the plaintiff was guilty of contributory negligence as a matter of law; (2) that the trial court erred in the admission of evidence; (3)

that several instructions given by the court were erroneous; and (4) that the findings of the jury as embodied in their answers to the special interrogatories were inconsistent. We find no error and affirm the judgment of the district court.

The label on the can purchased by Sterner bore on its face the admonition:

DANGER! Extremely flammable. Vapor harmful!

On the rear it warned:

DANGER: EXTREMELY FLAMMABLE MIXTURE. DO NOT USE NEAR FIRE OR FLAME.

in larger letters, and in smaller print:

DANGER! BEFORE USING extinguish all flames and pilot lights. During application and until vapors are gone, keep away from heat, sparks or flame. Avoid using spark producing electrical equipment such as switches, appliances, etc. Keep container closed when not in use.

and:

VAPOR HARMFUL. AVOID PROLONGED OR REPEATED BREATHING OF VAPOR. USE ONLY IN WELL–VENTILATED AREAS.

The plaintiff testified that he read the warnings and had extinguished all the pilot lights in the kitchen. He testified that he was using an electric fan for ventilation and that he did not disconnect the refrigerator. According to the testimony of plaintiff's expert witness, Weldwood adhesive has a flash point roughly equivalent to that of gasoline. He described it as extremely flammable. An employee of the defendant testified that Weldwood could be safely used in a mobile home, but that it would be necessary to extinguish all pilot lights and disconnect all electrical appliances, even an electric wall clock if one were present. Whether the label sufficiently warned a user of these precautions, and whether the plaintiff acted as a reasonable person under the circumstances existing, we deem as fact questions for the jury. As we observed in *Buffington v.*

**1354**

*Amchem Products, Inc.,* 489 F.2d 1053, 1055 (8th Cir. 1974):

Under Iowa law, a manufacturer who undertakes to produce and sell to the general public a product whose use could possibly result in harm must provide sufficient instruction and give adequate warning. The instructions should give reasonable notice and *specific* direction as to proper use and all attendant risks which are foreseeable to a manufacturer who possesses superior knowledge so that the ordinary user may be fully informed. *Lakatosh v. Diamond Alkali Co.,* 208 N.W.2d 910 (Iowa 1973); *West v. Broderick & Bascom Rope Co.,* 197 N.W.2d 202 (Iowa 1972). *See also* Comment, The Manufacturer's Duty to Warn of Dangers Involved in Use of a Product, 1967 Wash.U.L.Q. 206.[1]

■ The defendant's challenge to the evidence concerns two sets of exhibits offered into evidence by the plaintiff. The first consisted of several advertisements, not seen by the plaintiff before his injury, puffing the utility of Weldwood as an all-purpose household adhesive. The second (Exhibits 19, 20 and 21) was comprised of three Weldwood labels, each subsequent to and different from that which appeared on the can purchased by the plaintiff and each of which contained a more emphatic warning of the product's dangerous properties. It is fundamental that the trial court has broad discretion over the admissibility of evidence. *See General Ins. Co. of America v. Hercules Constr. Co.,* 385 F.2d 13, 24 (8th Cir. 1967). We find no error in the admission of these exhibits.

■ Subsequent alteration in the warnings given concerning the proper use of a product are, just as evidence of post-accident modifications in the product itself, inadmissible as an implied admission of negligence. Evidence of such changes are, however, admissible for some purposes such as demonstration of knowledge of dangerous properties prior to the accident or the availability of better design or the feasibility of a more adequate warning of the risk involved. *See Lolie v. Ohio Brass Co.,* 502 F.2d 741, 744 (7th Cir. 1974); *Hoppe v. Midwest Conveyor Co.,* 485 F.2d 1196, 1202 (8th Cir. 1973); *Bowman v. General Motors Corp.,* 64 F.R.D. 62, 70 (E.D.Pa.1974); *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *Love v. Wolf,* 249 Cal. App.2d 822, 58 Cal.Rptr. 42, 48–49 (1967). Exhibit 19 was a label in use prior to September 1969 and was relevant to the issue of the plaintiff's pre-accident knowledge. Exhibits 20 and 21 were indicative of the feasibility of providing more explicit, detailed and understandable warnings. We find no error in their admission. The advertisements were, we believe, also relevant since they were probative on the plaintiff's claim, ultimately rejected by the jury, that the defendant's adhesive was unfit for its intended uses. They were, of course, evidence of its intended uses.

■ We have considered the instructions given by the trial court on the issues of contributory negligence and proximate cause and the alleged inconsistency of the verdict, and we find no prejudicial error. The jury's rejection of plaintiff's theory of strict liability as to a defective product was not inconsistent with a finding of negligence based on the inadequacy of the warning. The

1. In *Lakatosh v. Diamond Alkali Co.,* 208 N.W.2d 910, 913 (Iowa 1973), the Iowa Supreme Court offered the following comments on a supplier's duty to warn:

A duty to warn depends on superior knowledge and is said to exist when one may reasonably foresee danger of injury or damage to one less knowledgeable unless adequate warning of danger is given. It is this reasonable foreseeability which triggers

the obligation to warn, which must be determined by the circumstances of each case.

. . . . .

Whether notice or warning should have been given under particular circumstances, like most questions bearing on negligence, is ordinarily for the jury. It is only in exceptional cases that it may be determined as a matter of law.

jury could have rationally concluded the product was fit for its intended use so long as the defendant properly warned its users of the dangers involved.

Judgment affirmed.

HENLEY, Circuit Judge (concurring).

I concur with the court in its ultimate conclusion that the judgment of the district court should be affirmed. However, I disagree with the majority in its view that the admission of plaintiff's Exhibits 20 and 21 was not erroneous and in its further view that the jury's responses to the questions set out in Special Verdict No. 3 and Special Verdict No. 4 were not inconsistent.

As to Exhibits 20 and 21, I feel that they fell within the general rule that evidence of post-accident or post-injury changes or corrections made by a defendant is inadmissible. I do not agree that the exhibits fell within any exception to the general rule, and indeed there was no issue as to feasibility of design of a more explicit warning or as to prior knowledge of dangerous properties. But, upon a review of the entire record in the case I am satisfied that in the circumstances here presented the error was not prejudicial.

Turning now to the answers given by the jury to Special Verdict No. 3 and Special Verdict No. 4, it is noted that while all of the forms submitted to the jury were denominated "Special Verdicts," what the district court actually did was to submit the case to the jury on a general verdict with directions also to answer two special interrogatories should a general verdict in favor of the plaintiff be returned. Such a procedure is authorized by Fed.R.Civ.P. 49(b).

By its answer to Special Verdict No. 3 the jury stated that its finding for the plaintiff was based on his negligence theory. By its answer to Special Verdict No. 4 the jury stated that it did not find for the plaintiff on the basis of his strict liability in tort theory. The majority finds that those answers were not inconsistent as between themselves; as indicated, I disagree.

Common to both of plaintiff's theories was his claim that the labelling on the can of product which he bought was inadequate to warn him of the danger to which he was exposing himself in undertaking to use the product as he undertook to use it, and that the inadequacy of the labelling rendered the product unreasonably dangerous or "defective." Since strict liability in tort is a broader theory of liability than common law negligence in that there may be a recovery on a strict liability theory without a showing of negligence, the jury's finding for plaintiff on the basis of his narrower negligence theory while refusing to find for him on his broader theory was logically inconsistent, and the inconsistency cannot be reconciled. However, I do not think that the inconsistency calls for a new trial.

While logically the jury should have based its general finding on both theories if it was going to base the finding on negligence, it does not appear to me that the defendant is in any position to complain about being held liable on one theory when it could have been held liable on two. There was ample evidence to sustain the finding of liability based on negligence, and the answer to Special Verdict No. 3 was not inconsistent with the general finding favorable to the plaintiff. Nor was the negative response of the jury to Special Verdict No. 4 legally inconsistent with its answer to Special Verdict No. 1. *Compare Stanbery v. Johnson,* 218 Iowa 160, 254 N.W. 303 (1934), as discussed in *Cooley v. Quick Supply Co.,* 221 N.W.2d 763, 769 (Iowa 1974).