United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-1348

_____

Donald Crittenden,                     *
                                       *
     Plaintiff/Appellee,               *
                                       *
General Accident Insurance             *
Company,                               *
                                       *
     Intervenor/Plaintiff/             *
     Appellee,                         *
                                       * Appeals from the United States
     v.                                * District Court for the
                                       * Eastern District of Arkansas.
Tri-State Thermo King, Inc.,           *
                                       *
     Defendant/Appellant,              *
                                       *
Great Dane Trailer, Tennessee,         *
Inc.,                                  *
                                       *
     Defendant.                        *


                           _____

          Submitted:  January 13, 1997

             Filed:  March 3, 1997
                           _____

Before BOWMAN and MURPHY, Circuit Judges, and JONES,[1] District
Judge.

                           _____


JONES, District Judge.

     This action was brought by Donald Crittenden ("Crittenden")
against Tri-State Thermo King, Inc. ("Tri-State") and Great Dane
Trailers, Inc. ("Great Dane") on theories of strict liability and

_____

     [1]The HONORABLE JOHN B. JONES, United States District
Judge for the District of South Dakota sitting by designation.

negligence.  The jury found for the defendants on the strict

liability theory and for the plaintiff on the negligence theory. Tri-State appeals.  We affirm.

## I.  Background

Crittenden was a truck driver for Forrest City Grocery Company of Forrest City, Arkansas ("Forrest City Grocery").  Forrest City Grocery ordered a refrigerated trailer from Great Dane and selected a Thermo King refrigeration unit to be installed on the trailer by Tri-State.

Tri-State installed the refrigeration unit in a space cut out by Great Dane.  When installed, the refrigeration unit was approximately eleven feet off the ground.  The reset button was located on the refrigeration unit.

On the early morning of October 22, 1992, Crittenden realized that the refrigeration unit had stopped running, and tried to get the unit to operate again by pushing the reset button.  In order to access and press the reset button, Crittenden had to climb up the cab of the tractor, and brace himself between the tractor and the trailer.  There were no handholds, footholds, or ladders on the trailer that Crittenden could use to reach the button.  His foot slipped, and he fell backwards to the ground, sustaining serious injury.

In this appeal, Tri-State asserts that there was no evidence to support the finding of the jury that it was negligent, that the trial judge erred in instructing the jury, and that the jury's verdict in its favor on the strict liability claim precludes a verdict for Crittenden on his negligence claim.

II.  Decision.


We review jury findings under a highly deferential standard. We resolve all conflicts in favor of Crittenden, giving him the benefit of all reasonable inferences and assuming as true all facts supporting Crittenden which the evidence tended to prove.  See C.L Maddox, Inc. v. Benham Group, Inc., 88 F.3d 592, 602 (8th Cir. 1996).  We will affirm the jury's findings if a reasonable jury could differ as to the conclusions to be drawn.  Id.  A jury's determination of a fact question will not be reversed by the appellate court where such determination is supported by substantial evidence.  Leathers v. United States, 471 F.2d 856 (8th Cir. 1972), cert. denied, 412 U.S. 932 (1973).


Tri-State's first argument on appeal is that there was no evidence to support the finding of the jury that it was negligent. Contrary to Tri-State's assertions, there was substantial evidence to support the jury's verdict that Tri-State's negligence was the proximate cause of Crittenden's injuries.  Crittenden presented substantial evidence that Tri-State knew or should have known that an operator would need to access the reset button and that there were no safe means to do so, but nevertheless installed the unit on the trailer eleven feet off the ground.


Crittenden presented substantial evidence that an operator of a refrigerated tractor trailer would have to press the reset button in the ordinary course of operation.  In addition to his own testimony to that effect, the jury also heard testimony from Allen Cohn, Transportation Director of Forrest City Grocery, and Tri-State President Mike Rivalto.  Cohn testified that he instructed his drivers to press the reset button, after Tri-State's own service personnel told him to do so.  Rivalto also testified that the driver of a refrigerated tractor trailer would need to restart the refrigeration unit by pressing the reset button in order to

5

protect the load.

Crittenden also presented substantial evidence that Tri-State knew or had reason to know that the placement of the reset button eleven feet off the ground, with no means of access, was dangerous. As there were no handholds, footholds, or ladders on the trailer that could be used to access the reset button, a driver of a refrigerated tractor trailer would need to brace himself between the cab of the tractor and the trailer. In fact, Rivalto testified that he had fallen on two separate occasions while attempting to press the reset button. The evidence clearly established that Tri-State knew of the dangerous condition created when the reset button was located so far off the ground with no safe means of access.

Finally, it was not disputed that in spite of what it knew or should have known, Tri-State installed the unit on the trailer so that the reset button was located eleven feet off the ground. The jury, therefore, could have properly found that Tri-State was negligent in installing the refrigeration unit with no means of safely accessing the reset button. The judgment of the district court on Crittenden's negligence claim is affirmed.

Tri-State's second argument on appeal is that the trial judge erroneously instructed the jury in Instruction 22. A review of the instructions and Tri-State's objection during settlement of the instructions establishes that this instruction related only to the strict liability theory. Since the jury found for Tri-State on this theory, any error in the instruction would clearly be harmless.

Tri-State's third argument on appeal is that the jury verdict in its favor on the strict liability claim precludes a verdict for Crittenden on his negligence claim. Under Arkansas law, however, the finding by the jury for Tri-State on the strict liability theory does not preclude a finding that Tri-State was negligent. See W.M. Bashlin Co. v. Smith, 277 Ark. 406, 414, 643 S.W.2d 526,

7

529 (1982).  As the Arkansas Supreme Court stated in W. M. Bashlin

Co., the plaintiff "need not bear the burden of proving both theories of liability, it is enough that he prove either." 277 Ark. at 414, 643 S.W.2d at 529 (citing Sterner v. U.S. Plywood-Champion Paper, Inc., 519 F.2d 1352 (8th Cir. 1975)). Furthermore, the Arkansas Supreme Court has stated that in claims of liability based on negligence, "whether one knew or should have known of a potential danger is a necessary constituent of fault. The common law has recognized a duty under such circumstances well before product liability was enacted in Arkansas in 1973." Schichtl v. Slack, 293 Ark. 281, 284, 737 S.W.2d 628, 630 (1987) (citing Green v. Equitable Powder Mfg. Co., 95 F. Supp. 127 (W.D. Ark. 1951); Dulin v. Circle F Industries, Inc., 558 F.2d 456 (8th Cir. 1977)). As discussed above, Crittenden presented substantial evidence that Tri-State was negligent in installing the refrigeration unit with no means of safely accessing the reset button.

The Court has carefully considered Tri-State' s other claims of error and finds them to be without merit.

Conclusion

For the foregoing reasons, we hold that there was substantial evidence to support the jury's verdict that Tri-State was negligent and that any error in instructing the jury was harmless. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

9