J. D. MILLER, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

No. 43743.

MARCH 9, 1937.

Kepford & Kepford, for appellant.

Dawson & Dawson and Helsell, Burnquist, Bradshaw & Dolliver, for appellee.

PARSONS, J.—Plaintiff, J. D. Miller, an agency supervisor of an insurance association, commenced this action to recover from the defendant railway company damages for a collision which occurred about or a little after eight o'clock p. m., on October 8, 1934, between the automobile driven by plaintiff and an engine of the defendant company, at a street crossing where said locomotive was backing down on the railroad tracks. Total damages claimed were $1,325, of which $185 was for repairs to plaintiff's auto, $120 for loss of use of automobile for two weeks, $20 for medical care and attention to plaintiff, and $1,000 for pain and suffering and inability of plaintiff to work in the manner he was required to work.

There were two amendments to the petition, the first amendment alleging that under an ordinance of the City of Waterloo it was provided that there should be a flagman on such streets, and for such time as the council should, by resolution, direct; that the city council had duly passed a resolution providing for a watchman on Independence Street, the street in question where the accident took place, from seven o'clock a. m. to seven o'clock p. m. In the second amendment it was claimed there was no one on the back end of the locomotive to keep a lookout and be warned of the approach of automobiles. The answer of the defendant was that the locomotive was being operated with due care and the plaintiff was guilty of contributory negligence.

At a previous trial the plaintiff had been awarded $200, but on motion by the defense for new trial this was set aside, and on the present trial the defense moved for directed verdict in its favor, at the end of the evidence, which was granted, and judgment was entered on the verdict.

The evidence shows that the plaintiff was driving his automobile in a westerly direction on Independence Avenue, in the City of Waterloo, at about eight o'clock on the evening of October 8, 1934, and that he collided with a locomotive of the defendant, which was slowly backing down across the intersection. It further showed that the plaintiff was familiar with this crossing, and had frequently observed during the daytime that a watchman was maintained thereon, and that on the evening the accident occurred, while at a point about seventy-five feet from the

crossing, the plaintiff heard a locomotive bell, but having on other occasions heard locomotive bells from cars on other tracks not in close proximity to this track, he proceeded onto the track, with reduced speed, looked both ways several times, and collided with the locomotive that was backing down the track.

The plaintiff's testimony is that he first saw the locomotive when it was about twenty-five or thirty feet away; that he turned his automobile sharply to the left, but instead of this being a right-angle crossing, the locomotive came toward him and the collision took place right in the middle of the crossing. Plaintiff testified there was no light on the back end of the locomotive; that there were no train signals of any kind after he heard the bell ring in the beginning.

The defendant admitted the collision, but claimed that the locomotive was traveling very slowly; that the street light fully illuminated the crossing; that the locomotive bell was ringing and the whistle was blowing.

■■■ The first error relied on by plaintiff was that the trial court erred in the ruling against the introduction of the ordinance before referred to. This ordinance was not admitted in the evidence before a jury, and the objection of defendant was sustained. As the ordinance provided for a watchman at this place only from seven o'clock a. m. to seven o'clock p. m., and the collision took place at eight o'clock p. m., we see no error in the refusal of the court to permit the introduction of the ordinance.

The plaintiff argues in this appeal that by showing the railroad company maintained the flagman at the crossing in the daytime, and that so far as this plaintiff knew, the watchman was maintained all the time, that the whole matter should be submitted to the jury. He cites Lockridge v. Ry. Co., 161 Iowa 74, 140 N. W. 834, Ann. Cas. 1916A, 158, and other cases

In the Lockridge case there was a flagman, and the evidence was held sufficient to support a finding that the flagman negligently failed to warn plaintiff of the approaching train; that the trainmen failed to give warning of its approach; and that the plaintiff was free from contributory negligence.

■■■ In this case the testimony shows that the bells were ringing, whether upon this track or not it seems to us is immaterial, for the plaintiff claims he could not tell where the train was. Being familiar with the locality, having gone over the

tracks a great many times; and having knowledge that there was a train in motion, it was his duty to ascertain, before he drove onto the tracks, or close to the tracks, or any place where there was danger, that he would be struck by a locomotive, and his failure to do so would, in our opinion, constitute contributory negligence, if this in any degree whatever contributed to the accident. He heard the warning signals practically seventy-five feet away from the crossing, according to his own testimony. He drove up to within twenty-five feet or thirty feet before he attempted to do anything about avoiding the on-coming locomotive, and was unsuccessful in so doing. Even conceding that the defendant was guilty of negligence, if the plaintiff himself contributed in any way to the injury he received he was guilty of contributory negligence, and therefore cannot recover. This is the settled law in this state; it has been reiterated about every time the subject has been talked about by the courts. Under this record here as made by the plaintiff, which is practically undisputed, it might very well be found that not only was plaintiff guilty of contributory negligence, but that his negligence was the proximate cause of the injuries which he sustained. And it is not necessary that the negligence of the plaintiff in such case go far enough to be the ''proximate'' cause of the injury.

In Russell v. Railway Co., 204 Iowa 810, 814, 216 N. W. 47, 49, there was a verdict for the plaintiff, but it was reversed by this court in an opinion by Judge De Graff. That case lays down the rule that a traveler is guilty of negligence *per se* in driving upon a railway crossing in the nighttime, and without diverting circumstances, and with full knowledge that a customary train is in the very vicinity of the crossing, and will be using the crossing at any moment for switching purposes. In the Russell case plaintiff drove out of a street with buildings on both sides, toward the tracks. It was necessary to drive out on the tracks to see the depot and to see if there was a train there. Plaintiff approached the crossing at five or seven miles an hour; there was steam coming from the rear of the train backing down the track, he could see through it only dimly. The train was moving neither fast nor slow, kind of in between. When plaintiff was struck the train pulled or carried his automobile two or three feet, very little; didn't carry him past the crossing. He said he heard a warning; he could hear a bell, but could not distinguish whether it was the east or west train; that he knew

he was driving over the railroad tracks there, and that as he approached the crossing he knew that a passenger or some mail cars might be backing in from the east; that he could not see east; but he could stop his car in three feet. The court commenting on this says: "Does this testimony from plaintiff's own lips bar his recovery, as a matter of law? It is unnecessary to say that the evidence offered by the defense is not helpful in any way to the plaintiff. We have frequently said that the question of contributory negligence is ordinarily for the jury to answer." And the court then points out, "It is true, if a railroad crossing is especially dangerous, by reason of obscuration of the view or other cause, the railroad company must use care commensurate with the danger; but it is also true that, if a plaintiff knows that the crossing is dangerous, because the view is obscured, and knows of the operation of a train, and is warned by a bell, he must also act, under the circumstances, with care commensurate with the danger." The opinion further holds that the plaintiff knew the entire situation, but he drove onto the crossing and into the steam without regard for circumstances, and the court says, "A driver of an automobile, under the instant circumstances, cannot deliberately take a chance, and expect to recover damages by legal action", citing Claar Transfer Co. v. Omaha & C. B. St. R. Co., 191 Iowa 124, 181 N. W. 755; Acker v. Union Pac. Ry. Co., 106 Kan. 401, 188 Pac. 419; Fannin v. Minn. St. P. & S. S. M. R. Co., 185 Wis. 30, 200 N. W. 651.

Photographs have been introduced showing the locality of the collision, some of them taken long after the accident, and others taken shortly after the collision. These show the railway and street in question; that it was an open crossing, well lighted; that there was nothing to obscure the view of a train approaching from either direction. The fact that the plaintiff heard the bell when about seventy-five feet away from this crossing, was sufficient warning to him that there was something he should look into; that he shouldn't go heedlessly upon the track and trust to chance to escape being hurt; and if he did so, he did it at his own risk. He was almost upon the track when he finally discovered the locomotive backing up. He then attempted to avoid it, but it was too late. He placed himself in a perilous position when there was no need of so doing, whether the railroad company was negligent in any particular or not. The plaintiff under the whole record was guilty of negligence contributing to

the injury, and the law placed upon the plaintiff the burden of proving his freedom from negligence so contributing. The plaintiff has failed to meet this burden. Therefore, the judgment appealed from is necessarily affirmed.—Affirmed.

RICHARDS, C. J., and MITCHELL, DONEGAN, ANDERSON, STIGER, and HAMILTON, JJ., concur.