NORMA JEAN CLUBB and DALE E. CLUBB, appellees, v. LEWIS H. OSBORN, appellant.

No. 51430.

(Reported in 130 N.W.2d 648)

Brierly, McCall & Girdner, of Newton, for appellant.

Korf, Diehl, Clayton & Cleverley, of Newton, for appellees.

SNELL, J.—This is an appeal from an order of the trial court granting a new trial in a motor-vehicle-collision case.

The collision occurred within the city limits of Newton near the intersection of Highway No. 14 and North Fifth Avenue West.

Highway No. 14 is also West Eighth Street North. It runs north and south curving slightly to the east as it extends north from the location involved herein. Highway No. 14 is paved. The pavement is twenty feet wide with a shoulder on the east side at least seven feet five inches wide.

North Fifth Avenue West from a T intersection with Highway No. 14 runs east. At the time involved it was lightly surfaced with gravel. The traveled portion was twenty-four feet four inches wide. Nine feet north of North Fifth Avenue West there is an east-west sidewalk turning at right angles to the south. It does not extend to Highway No. 14. West of the sidewalk, north of North Fifth Avenue West and east of the shoulder on Highway No. 14, there is a utility pole and a fire hydrant. A plat of the area showing directions, locations and distances was introduced at the trial without objection.

The following is a tracing of the material portion of this plat. The broken line in the part shown as Highway No. 14 is the center line of the pavement. The distances shown were supported by testimony and were not in dispute.

On the afternoon of October 13, 1960, plaintiff, Norma Jean Clubb, was driving a Dodge automobile, hereinafter called plaintiff's car, owned by her husband, plaintiff Dale E. Clubb, north on Highway No. 14. She was approaching the intersection with North Fifth Avenue West from the south. Riding in the front seat with her were her son, about four years old and her stepson, about fifteen years old. Riding in the back seat were two subteen neighbor girls. As they lived nearby, the girls were to disembark at or near the intersection.

It was raining. The pavement was wet and the condition of North Fifth Avenue West was not very inviting. Mrs. Clubb was driving well within the speed limit. She reduced the speed of her car and stopped so the neighbor girls could get out. Whether or not she gave an appropriate signal of her intention and where she stopped are disputed issues of fact.

At the same time defendant was driving his two and one-half ton truck in the same direction on the same Highway No. 14 and according to his testimony at 25 to 30 miles per hour and about 40 to 50 feet behind plaintiff's car. Defendant was traveling in a 25 mile-per-hour speed zone. Defendant's truck collided with the rear of plaintiff's car. Plaintiff's car was propelled some distance north and east into an adjacent yard. Defendant's truck stopped on the pavement.

Mrs. Clubb claims personal injuries. Mr. Clubb claims damage to his car. Each seeks recovery from defendant. Defendant claims damage to his truck and by counterclaim seeks recovery against both plaintiffs. The case was submitted to a jury.

Questions of injury, damages and amounts thereof are not involved in this appeal. Instructions to the jury are involved. Defendant took no exceptions to the submission to the jury of plaintiffs' several specifications of negligence against defendant involving speed in its several aspects, lookout, failure to reduce speed when approaching an intersection, following too closely and control. By noting that no exceptions to these particular instructions were taken we are not suggesting that exceptions if taken should have been sustained.

In connection with plaintiffs' claims and on the subject of

contributory negligence the court gave Instruction No. 15 as follows:

"With respect to the question of contributory negligence, you are instructed that the laws of the State of Iowa provide that no person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer, or traffic control device, within an intersection, *within five feet of a fire hydrant, or on a crosswalk*. If you find that the plaintiff, Norma Jean Clubb, violated the provisions of this law and that such violation, if any, contributed in any manner or degree directly to her injury, then she would be guilty of contributory negligence and you should consider her claim no further.

"You are further instructed, however, that the operator of a motor vehicle has the right to stop his vehicle on a street or highway in a residence district so long as such stopping does not violate the provision of the foregoing law." (Emphasis added.)

Plaintiffs took exception to the giving of this instruction as without support and inapplicable. We have abbreviated the exception that detailed plaintiffs' objections and reasons.

In connection with defendant's counterclaim against plaintiffs the court submitted the specification of failure to keep a proper lookout. No exception was taken. Additional specifications were included in instructions numbered 25 and 26. Instruction No. 25 was as follows:

"It is the claim of defendant Osborn in his counterclaim against plaintiffs that plaintiff, Norma Jean Clubb, was negligent in stopping her vehicle and creating a sudden emergency at a time and under conditions that plaintiff knew or should have known that such a maneuver would result in a collision and damage.

"In connection with this claim of negligence, you are instructed that the laws of Iowa provide that no person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal (a hand and arm or by mechanical or electrical directional signal device) to the driver of any vehicle immediately to the rear, when there is opportunity to give such signal.

"If you find that plaintiff, Norma Jean Clubb, violated the provision of this law, she would be guilty of negligence."

To this instruction plaintiffs took exception.

Instruction No. 26 was as follows:

"It is the claim of defendant Osborn in his counterclaim against plaintiffs that plaintiff, Norman Jean Clubb, was negligent in stopping her vehicle within an intersection, within five feet of a fire hydrant, or on a crosswalk.

"The law of Iowa provides no person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the direction of a police officer, or traffic control device, within an intersection, within five feet of a fire hydrant, or on a crosswalk.

"If you find that plaintiff, Norma Jean Clubb, violated the provisions of this law, she would be guilty of negligence."

Plaintiffs excepted to the giving of this instruction as unsupported by the evidence.

The jury returned verdicts against plaintiffs and in favor of defendant on plaintiffs' claims and in favor of defendant against both plaintiffs on the counterclaim.

Plaintiffs' motion for new trial contained 29 separately numbered paragraphs. Paragraph No. 21 attacked the giving of Instruction No. 15 quoted supra. On this ground the trial court sustained the motion. Defendant appeals.

I. While considering the specific problems before us certain basic propositions about which there is no controversy should be kept in mind.

■ It is error to submit an issue having no support in the record. Grimes v. The Simpson Centenary College, 42 Iowa 589, 592; Bierkamp v. Beuthien, 173 Iowa 436, 438, 155 N.W. 819; Reed v. Pape, 226 Iowa 170, 173, 284 N.W. 106.

■ "When the court instructs the jury upon a certain question in a case there must be some evidence upon which to base such instruction." Wilson v. Kouri, 255 Iowa 348, 355, 122 N.W. 2d 300, 304.

■ Generally questions of negligence, contributory negligence and proximate cause are for the jury; it is only in exceptional cases that they may be decided as a matter of law.

Citations unnecessary. See rule 344(f)10, Rules of Civil Procedure.

■ In considering whether or not there was evidentiary support for an instruction we give the evidence the most favorable construction it will reasonably bear. By analogy see rule 344(f) 2, Rules of Civil Procedure.

■ Our court is slower to interfere with the grant of a new trial than with its denial. Rule 344(f)4, Rules of Civil Procedure. ▪

■ If there are grounds for new trial properly urged, other than stated by the trial court, we may consider them and affirm. Hall v. West Des Moines, 245 Iowa 458, 467, 62 N.W.2d 734.

II. If appropriate to the factual situation and the claims of either plaintiffs or defendant Instruction No. 15, quoted supra, would be a correct statement of the law. However, when it conclusively appears, as it does here, that the statute upon which the instruction was based was inapplicable to the case the giving of the instruction was error.

In Instruction No. 2 the court correctly defined contributory negligence as "such negligence as contributes in any manner or in any degree directly to injury or damage." This statement is followed by adequate elaboration.

That contributory negligence on the part of a claimant will bar recovery is so well settled as to require no discussion. "This is the settled law in this state; it has been reiterated about every time the subject has been talked about by the courts." Miller v. Illinois Central Railroad Co., 223 Iowa 316, 319, 272 N.W. 96.

■ To be contributory the negligence need not be such as to meet the test of proximate cause. Hogan v. Nesbit, 216 Iowa 75, 80, 246 N.W. 270; Swan v. Dailey-Luce Auto Co., 221 Iowa 842, 847, 265 N.W. 143; Mast v. Illinois Central R. Co., 79 F. Supp. 149.

These statements, however, should not mislead to the point of assuming that negligence is necessarily contributory. As said in Hogan v. Nesbit, supra, loc. cit. 80, "Of course, the negligence of the injured party which will bar a recovery for the negligence of another must be a contributing cause." In other words, if

negligence is in no way connected with and makes no contribution to the situation it is not contributory.

III. With these rules in mind we summarize the pertinent parts of the evidence.

Mrs. Clubb testified that she turned on her right turn signal when, according to the plat, she was more than 300 feet south of the intersection and that it was on continuously and that in slowing down she pumped her brakes. There was other evidence that her turning signals and stoplights had been checked that morning and were in good working order. Mrs. Clubb testified that as she approached North Fifth Avenue West she gradually turned right onto the dirt portion and stopped on the shoulder north of Fifth Avenue and east of the highway. She looked out of her window and could see dirt between her car and the paved portion of Highway No. 14. If this be true she was completely off the pavement and on the shoulder. Her car was six feet five inches wide. The shoulder at that point according to the plat was between seven feet five inches and eight feet five inches wide. According to the testimony, immediately east of the shoulder there was an embankment or terrace eighteen inches to two feet high. The fire hydrant shown on the plat was beyond this embankment and five feet one inch east of the shoulder. Unless she was off the shoulder and up on the embankment to the east, and no one claims she was, she could not have been within five feet of the hydrant. There is no evidence that plaintiff stopped within five feet of the fire hydrant, and in any event reasonable minds could not conclude that plaintiff's proximity to the fire hydrant could possibly make any contribution to her being struck from the rear by defendant's truck.

If we accept the testimony of defendant and his witnesses reference to the fire hydrant was improper.

Defendant testified that all four wheels of his truck were on the pavement. He also testified: "The Clubb car was entirely on the paved portion of Highway 14 and east of the Clubb car was the shoulder of the road, and it was completely clear. I would say the width of the shoulder was seven or eight feet."

According to defendant's own testimony plaintiff was not in violation of the fire hydrant statute.

Instruction No. 15 also mentioned stopping on a crosswalk. The plat of the area identified as correct and received in evidence without objection shows that the only sidewalk in the area turned south eight feet and seven inches east of the highway shoulder and that there was no crosswalk where plaintiff stopped. Under the circumstances reference to a crosswalk in connection with the question of plaintiff's contributory negligence was improper.

We conclude as did the trial court that Instruction No. 15 was inappropriate and inapplicable and sufficiently prejudicial to require a new trial.

IV.   Instruction No. 25 is quoted, supra. It was given in connection with the counterclaim. The first paragraph of the instruction includes "creating a sudden emergency" as a part of a specification of negligence. We think this was improper.

Legal excuse was defined in Instruction No. 13. An emergency not of one's own making may excuse a violation of the statute. This has been the law since Kisling v. Thierman, 214 Iowa 911, 243 N.W. 552.

A sudden emergency may under this law excuse what would otherwise be an act of negligence but it is not in itself negligence. It is a result or a situation but not an act or failure to act.

The second paragraph of Instruction No. 25 stated the law relative to stopping or decreasing speed without first giving an appropriate signal. This part of the instruction was appropriate under the evidence. Stopping or reducing speed without compliance with the statute would constitute negligence. It might create such an emergency as to legally excuse negligence on the part of a following driver but it is the violation of the statute and not the result of the violation that constitutes actionable negligence.

V.   Instruction No. 26 quoted supra was given in connection with the counterclaim. It was a correct statement of the law but it had no evidentiary support in the record. What we have said in Division III, supra, relative to the evidence, the fire hydrant and crosswalk applies to this instruction. There was no evidence

to support a finding of negligence or proximate cause incident to a fire hydrant or crosswalk.

Because of the order for a new trial we have mentioned only those matters of particular importance to this appeal.

The order of the trial court ordering a new trial was correct. The case is—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.