BILLIE JO CAMPBELL, a minor, by WILLIAM T. CAMPBELL, as father and next friend, appellee, v. JAMES CALVIN MARTIN, appellant.

No. 51685.

(Reported in 136 N.W.2d 508)

July 29, 1965.

. Milani & Milani, of Centerville, for appellant.

D. W. Harris, of Bloomfield, for appellee.

Moore, J.—On December 21, 1961, defendant Martin was driving a school bus which struck the rear end of another school bus in which plaintiff Billie Jo Campbell was a passenger. This is an action (brought by her father as next friend) for her personal injury damages resulting therefrom. Defendant appeals from judgment on verdict for plaintiff of $7500.

Defendant contends the trial court erred in (1) failing to sustain his motion for directed verdict, (2) submitting to the jury plaintiff's pleaded specifications of negligence of failure to keep a proper lookout, excessive speed under the circumstances and violation of the assured-clear-distance statute, (3) instruct-

ing the burden of proof was on defendant to prove legal excuse because of claimed sudden emergency, (4) failure to give defendant's requested instructions, and (5) failing to sustain his motion for new trial.

There are few disputed facts. At about 8:20 a.m., December 21, 1961, Dean Long stopped his school bus on the gravel road in front of the Willard Hubartt farm home to take on the Hubartt children for transportation to school in Bloomfield. The road runs north and south and the Hubartt house is about a half mile south of Bloomfield. Before stopping Long turned on the bus flashers on the front and back of the bus and also put out the stop arm. After being stopped about a minute the bus driven by defendant crashed into the rear of the Long bus, knocking it down the road 186 feet. Some of the seats in the Long bus were bent back, others were torn from the floor. Plaintiff was seriously injured. The extent of her injuries and the amount of the jury verdict are not involved here.

Both Long and defendant were driving their regular routes which brought them onto this road each morning as they approached the Bloomfield school. Defendant knew the location of the Hubartt home and that each morning Long stopped there for the children.

At and near the scene the road is level. That morning the road was snow packed and very slick. The road grader had pushed snow to the side of the road, forming a frozen ridge about two feet high. Defendant was aware of these conditions and the fact it was very foggy that morning. The fog varied from place to place.

Defendant testified the large bus windshield was clean, the defrosters were working, only the fog obscured his vision, he could see only about two bus lengths or 60 feet ahead, he was looking ahead, he barely saw the outline of something about two bus lengths ahead, the bus loomed up suddenly and unexpectedly and he did not see the flasher or stoplight on it.

Defendant further testified he was driving approximately 25 m.p.h., he did not apply his brakes, he knew he could not stop, he did not turn to the left for fear the Hubartt children would be in the roadway and his attempt to turn right was unsuccess-

ful due to the frozen ridge. Defendant was also injured in the resulting crash.

Other witnesses described the road and the extremely foggy conditions that morning. Mrs. Hubartt testified she saw the outline of the buses from her house just before the crash. She estimated defendant's speed between 25 and 30 miles per hour. Mr. Hubartt was working in the farmyard. Based on the sound of the bus motor, which he heard each morning, he testified defendant was driving about his usual rate.

█ I. In considering whether there is evidentiary support for an instruction on pleaded specifications of negligence we give the evidence the most favorable construction it will reasonably bear. Clubb v. Osborn, 256 Iowa 1154, 1161, 130 N.W.2d 648, 652; Schneider v. Swaney Motor Car Co., 257 Iowa 1177, 136 N.W.2d 338.

█ Even when the facts are not in dispute or contradicted, if reasonable minds might draw different inferences from them, a jury question is engendered. Citation of authority is unnecessary. See Rule of Civil Procedure 344(f)17.

█ It is the duty of the trial court to submit to the jury all issues presented by the pleadings upon which there is evidence tending to support them. Ritter v. Andrews Concrete Prod. & Sup. Co., 250 Iowa 297, 300, 93 N.W.2d 787, 789, and citations. Of course it is reversible error to submit an issue having no support in the record. Borough v. Minneapolis & St. L. Ry. Co., 191 Iowa 1216, 1223, 184 N.W. 320, 323; Clubb v. Osborn, 256 Iowa 1154, 1160, 130 N.W.2d 648, 652; Schneider v. Swaney Motor Car Co., supra.

II. The trial court properly submitted plaintiff's pleaded specification of negligence that defendant failed to keep a proper lookout.

█ Proper lookout means more than merely to look and see an object. It implies being watchful of the movements of the driver's own vehicle as well as the movements of things seen or seeable. It involves care, watchfulness and attention of the ordinarily prudent person under the circumstances. Pazen v. Des Moines Transportation Co., 223 Iowa 23, 30, 272 N.W. 126, 131; Olson v. Truax, 250 Iowa 1040, 1048, 97 N.W.2d 900, 905;

Kuehn v. Jenkins, 251 Iowa 718, 725, 100 N.W.2d 610, 615; Christensen v. Kelley, 257 Iowa 1320, 1325, 135 N.W.2d 510, 513; Schneider v. Swaney Motor Car Co., supra.

Defendant knew Long's bus might be ahead of him, that it would stop for the Hubartt children and its flashers would be on. He failed to see them. The jury could have found he should have seen the Long bus sooner. Reasonable minds might differ as to whether defendant's looking was sufficient under the circumstances.

III. Section 321.285, Code, 1962, provides: "Speed restrictions. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law. * * *."

Whether a particular speed of a motor vehicle is excessive or negligent depends entirely on the surrounding circumstances. Livingstone v. Dole, 184 Iowa 1340, 1350, 167 N.W. 639, 643; Jarvis v. Stone, 216 Iowa 27, 33, 247 N.W. 393, 396; Samuelson v. Sherrill, 225 Iowa 421, 424, 280 N.W. 596, 598; Davidson v. Vast, 233 Iowa 534, 540, 10 N.W.2d 12, 15.

Defendant estimated his speed at 25 miles per hour. He was aware of the fog and the icy road condition. Mr. Hubartt said defendant was driving about the same rate as other mornings. We agree with the trial court that the pleaded specification of excessive speed under the circumstances was for the jury.

IV. We have been confronted with the assured-clear-distance statute, section 321.285, in many cases. The words "within the assured clear distance ahead" mean the operator must be able constantly to stop his vehicle within the distance from which discernible objects may be seen ahead of it. Lindquist v. Thierman, 216 Iowa 170, 248 N.W. 504, 87 A. L. R. 893; Mueller v. State Automobile Ins. Assn., 223 Iowa 888, 274 N.W. 106, 113 A. L. R. 1256; Blowers v. Waterloo, C. F. & N. Ry. Co.,

233 Iowa 258, 8 N.W. 751. In Snook v. Long, 241 Iowa 665, 668, 42 N.W.2d 76, 78, 21 A. L. R.2d 1, we say: "The words 'within the assured clear distance ahead' mean the distance from which discernible objects, reasonably expected or anticipated to be upon the highway, may be observed."

■ Defendant's argument that plaintiff's pleaded specification he violated the assured-clear-distance-ahead rule should not have been submitted to the jury is difficult to follow. He testified he could see only 60 feet ahead, he knew the Long bus might be stopped for the Hubartt children and that he was driving at a speed which would not permit him to stop within the distance he could see ahead. He contends because of the foggy condition the rule should not be applied. It was defendant's duty to so adjust his speed that he could stop the bus in the assured clear distance ahead. Wosoba v. Kenyon, 215 Iowa 226, 233, 243 N.W. 569, 573; Mueller v. State Auto Ins. Assn., 223 Iowa 888, 274 N.W. 106, 113 A. L. R. 1256.

After discussing our earlier cases involving the assured-clear-distance rule as related to limited or no visibility in Mueller v. State Auto Ins. Assn., we say: "It will be noticed from these cases that the rule is laid down emphatically that speed must be reduced accordingly as visibility is reduced." (Loc. cit. page 893, 223 Iowa, page 108, 274 N.W.)

The trial court did not err in submitting this third specification of negligence.

■ V. Defendant's requested instructions included one that the doctrine of legal excuse because of sudden emergency be submitted to the jury. This was done as applied to the claim defendant had violated the assured-clear-distance statute. The propriety of giving this instruction is not raised here. Error, if any, in this regard would be against plaintiff. Defendant, however, objected to that part of the legal excuse instruction which placed the burden of proof on him. He points out legal excuse was not pleaded by him. This does not alter the now well established rule that the burden of proof rests on the party seeking to have the legal excuse doctrine applied. A party is not required to plead legal excuse as a defense. Sanford v. Nesbit, 234 Iowa 14, 19, 11 N.W.2d 695, 698, and citations.

██ Prior to McMaster v. Hutchins, 255 Iowa 39, 120 N.W. 2d 509, some uncertainty existed as to which party had the burden of showing legal excuse. However, after citing and considering our earlier cases, several of which are now relied on by defendant, we held the burden is upon the defendant to establish by a preponderance of the evidence a legal excuse for violation of statute. Plaintiff is not required to prove defendant's violation was not excused.

In Overturf v. Bertrand, 256 Iowa 596, 605, 128 N.W.2d 182, 187, a rear-end collision case, we cite the McMaster case and say: "Of course, one who claims excuse on the ground of sudden emergency not created by his own act has the burden to prove it." Our most recent case citing McMaster and applying this rule is Peters v. Rieck, 257 Iowa 12, 19, 131 N.W.2d 529, 533.

The instruction of the trial court put the burden of proof where it belonged.

██ VI. Defendant requested several instructions relating to his theory the accident was unavoidable or inevitable. They were not given by the trial court. Defendant assigns this as error but as admitted by defendant in his reply brief no objection to the court's failure to give them was made below.

Rule 196, Rules of Civil Procedure, as pertinent here provides: "At the close of the evidence, or such prior time as the court may reasonably fix, any party may file written requests that the jury be instructed as set forth in such requests. * * * all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."

The rule is clear and definite in requiring objections to the refusal of requested instructions be specific and within the time allowed. Since no objection was made to the trial court's failure to give defendant's requested instructions, such failure is not to be considered here. Stewart v. Hilton, 247 Iowa 988, 995, 77 N.W.2d 637, 641; Olson v. Truax, 250 Iowa 1040, 1050, 97 N.W. 2d 900, 906; Barnes v. Gall, 251 Iowa 921, 926, 103 N.W.2d 710, 713.

VII. Defendant argues his motion for a directed verdict should have been sustained because plaintiff failed to prove defendant was negligent in any manner. We have already held the question of negligence was for the jury. The trial court was right in overruling defendant's motion for a directed verdict.

VIII. Defendant's motion for a new trial was based on the alleged errors we have discussed. We find no reversible error. Defendant was not entitled to a new trial.—Affirmed.

All JUSTICES concur except MASON and RAWLINGS, JJ., who take no part.