**Maurice E. FLENTIE, Appellant,**

v.

**AMERICAN COMMUNITY STORES CORPORATION, and Robert O. Parkins, Appellees.**

**No. 18750.**

United States Court of Appeals
Eighth Circuit.

Feb. 5, 1968.

---

William L. Kutmus, of Stewart, Miller, Wimer, Brennan & Joyce, Des Moines, Iowa, for appellant and filed brief.

Ross H. Sidney, of Austin, Grefe & Sidney, Des Moines, Iowa, for appellee and filed brief.

Before VOGEL, Chief Judge, GIBSON and LAY, Circuit Judges.

VOGEL, Chief Judge.

This is a damage action arising out of an automobile-truck collision. It involves both claim and counterclaim. Diversity of citizenship and involvement of the jurisdictional amount support federal court jurisdiction.

Plaintiff-appellant, Maurice E. Flentie, seeks reversal and a new trial from a judgment based upon jury verdicts which denied his claim for personal injury and property damages against the appellees and allowed recovery on the counterclaim of the corporate defendant-appellee, American Community Stores, against the appellant in the amount of $1,844.91.

The facts established evidence that plaintiff-appellant was proceeding in a southerly direction, driving his automobile on U. S. Highway No. 169 at about 12:40 p. m. on February 11, 1965. Robert O. Parkins, also named as a defendant and here one of the appellees, was, while in the course of his employment, driving appellee American Community Stores' semi-truck in a northerly direction on Highway 169. The two vehicles collided head-on. Just prior to the collision, appellant approached the rear of a slow moving semi-truck proceeding in the same or southerly direction. The cold, snowy and windy weather created poor driving conditions. These conditions were worsened at the accident scene, a sheltered area where the highway was covered with compacted snow and snow swirls created by the semi-truck ahead of appellant lessened visibility. Shortly after the appellees' unit cleared the rear end of the semi-truck, which was preceding the appellant, the appellant's and appellees' vehicles collided head-on.

Appellant, on March 17, 1965, commenced this action against the American

Community Stores Corporation and its driver-agent, Robert O. Parkins. Appellees answered, denying the allegations in appellant's complaint. American Community Stores filed a counterclaim seeking recovery because of the damage to its truck. Each of the parties alleged that the other was on the wrong side of the road.

The case was tried to a jury, which returned verdicts in favor of the appellees and allowing American Community Stores recovery for the damage caused to its truck in the amount of $1,844.91. Following the District Court's order denying appellant's motion for a new trial, this appeal was perfected. We affirm.

Appellant raises two contentions, both relating to the District Court's jury instructions. He urges (1) that the court's instructions overemphasized plaintiff's burden of proving lack of contributory negligence[1] and (2) that the instructions improperly submitted an issue on passing to the jury. We consider appellant's second contention first.

■ Under the law of Iowa and generally, it is error for a court to instruct on an issue which finds no support in the record. Schneider v. Swaney Motor Car Co., 1965, 257 Iowa 1177, 136 N.W.2d 338, 341; Clubb v. Osborn, 1964, 256 Iowa 1154, 130 N.W.

2d 648; Borough v. Minneapolis & St. Louis Ry. Co., 1921, 191 Iowa 1216, 184 N.W. 320, 323. Cf., Shipp v. Curtis, 9 Cir., 1963, 318 F.2d 797, 801. The corollary of this rule is also well established so that the trial court has the duty to submit to the jury all issues raised by the pleadings which have evidentiary support. Campbell v. Martin, 1965, 257 Iowa 1247, 136 N.W.2d 508, 511; Kuehn v. Jenkins, 1960, 251 Iowa 718, 100 N.W.2d 610, 617.

■ The instructions must be confined to the issues raised by the pleadings and proof. Perry v. Eblen, 1959, 250 Iowa 1338, 98 N.W.2d 832, 837. In paragraph 3(e) of American Community Stores' counterclaim there is alleged, inter alia, that the appellant was negligent "In attempting to pass a vehicle proceeding in the same direction when there was insufficient room to do so and in attempting to pass a preceding vehicle in the face of oncoming traffic." Our inquiry is accordingly limited to determining whether sufficient evidence was admitted during the trial to warrant submission of this theory to the jury. In making such determination, we must " * * * give the evidence the most favorable construction it will reasonably bear." Clubb v. Osborn, 1964, 256 Iowa 1154, 130 N.W.2d 648, 652. See, also, Commercial Insurance Company of Newark, N. J. v. Orr, 8 Cir., 1967, 379 F.2d 865, 866.

---

1. The appellant in his complaint and the appellee American Community Stores in its counterclaim had alleged their own freedom from contributory negligence. This was in accordance with the former law of the State of Iowa which, in effect, provided that one seeking to recover damages in a tort action, such as this, must plead and has the burden of proving freedom from contributory negligence. The Iowa Legislature changed the rule by passing § 619.17 of the Iowa Code Annotated, providing:

" * * * the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden

of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. As used in this section, the term 'plaintiff' shall include a defendant filing a counterclaim or cross-petition, and the term 'defendant' shall include a plaintiff against whom a counterclaim or cross-petition has been filed."

Such amendment to the law of Iowa became effective in 1965 before this case was tried. The trial court called this to the attention of the parties, who nevertheless asked that the court instruct the jury:

" * * * under the old rule in Iowa * * * a person making the claim must establish his own freedom from contributory negligence."

■ Appellant's own testimony was that his speed was between 35 and 38 miles per hour when he first noticed a slow moving truck approximately 800 feet ahead of him, also traveling south. Appellant closed to within 150 feet of the semi while reducing his speed to between 24 and 28 miles per hour during the short time period immediately preceding the accident. Appellant further testified that he was going straight south on the west portion of the highway close to the curb and that the appellee's truck came at him at an angle, its left front fender and corner of the bumper striking his car at the left front headlight. Appellant's testimony was corroborated by witness James A. Cameron, who was also driving south behind the appellant's car. He testified that, "When Mr. Flentie's car was struck it was well on the west half of 169" and " * * * the Flentie car was always parallel with the west edge of the road."

Appellee Robert O. Parkins, who was driving the truck owned by the appellee American Community Stores, testified in direct contradiction to the statements of appellant and Cameron. He claimed that immediately upon clearing the rear end of the southbound semi-truck which was preceding the appellant, he observed the appellant's car 40 to 50 feet ahead coming straight toward him on the wrong or east side of the highway and that the accident occurred a split second later. The testimony of the investigating highway patrolman, although offered by the appellant, supported the theory of the appellees. In the head-on impact, the left wheel of the appellee's truck was torn off. The investigating officer testified that the gouge marks caused by the left wheel hub of the truck began some distance to the east of the center line of the highway. He traced the gouge marks from a point east of the center line of the highway angling in a northwesterly direction up to where the semi-truck stopped in a field on the west side of the highway. Photographs taken at the scene of the accident very substantially support the testimony of the officer that the point of impact between the two vehicles was east of the center line of the highway.

Judge Stephenson considered the foregoing as being amply sufficient to justify submitting the passing theory to the jury. We agree. The jury could well have found, as it very probably did, that the appellant, upon approaching the rear of the slow moving semi-truck, pulled to his left in an attempt to pass and in doing so collided with the appellee's truck. We believe it would have been error on the part of the trial court to have failed to submit the passing issue to the jury.

■ Appellant's first contention is that jury instructions Nos. 12, 13, 14, 15 and 17 were repetitious and overemphasized appellant's burden of proving freedom from contributory negligence. Repetitious instructions which place undue emphasis on matters favorable to either side constitute reversible error. Halladay v. Verschoor, 8 Cir., 1967, 381 F.2d 100, 113; Clarke v. Hubbell, 1957, 249 Iowa 306, 86 N.W.2d 905; Evans v. Holsinger, 1951, 242 Iowa 990, 48 N.W. 2d 250. We do not find, however, that the instructions of the trial court herein were repetitious. Instruction 12 set forth what plaintiff must prove by a preponderance of the evidence in order to recover. Instruction No. 13 told the jury that each party must prove freedom from contributory negligence if they were to recover on their respective claims. Instruction No. 14 told the jury that if they found plaintiff was negligent in attempting to pass, this would constitute contributory negligence and bar his recovery. (We have already pointed out that there was sufficient evidence to submit the passing theory.) Instruction No. 15 told the jury what issues they must resolve in considering appellant's claim. Instruction No. 17 went to appellee's counterclaim and instructed the jury that if they found appellee had established any one of the specifications of negligence alleged in his counterclaim, then appellee had established appellant's negligence. The case presented disputed

claims on both sides involving questions of negligence and contributory negligence so that frequent reference in the instructions to such matters was not only proper, but required. Read as a whole, as they must be considered, we find Judge Stephenson's instructions were concise, not repetitious and that no error was committed therein. Smith v. Wire Rope Corp. of America, 8 Cir., 1967, 383 F.2d 186, 188; Standard Oil Co. of California v. Perkins, 9 Cir., 1965, 347 F.2d 379, 389; McCoy v. Miller, 1965, 257 Iowa 1151, 136 N.W.2d 332, 335; Christensen v. Kelley, 1965, 257 Iowa 1320, 135 N.W. 2d 510, 517–518.

The injuries appellant suffered from this collision are tragic. Each party, however, charged the other with responsibility for the collision and, on highly disputed testimony, a trial by jury has determined the truth of where responsibility rested. We find no error.

Affirmed.