**STATE of Iowa, Appellee,**

v.

**Dale Thomas ARMSTRONG, Appellant.**

**No. 55014.**

Supreme Court of Iowa.

Dec. 20, 1972.

Upton B. Kepford, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Robert D. Jacobson, Asst. Atty. Gen., and David J. Dutton, County Atty., Waterloo, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, REES, and REYNOLDSON, JJ.

RAWLINGS, Justice.

Trial jury found defendant, Dale Thomas Armstrong, guilty of obtaining money by false pretenses. He appeals from judgment entered thereon. We affirm.

The factual situation involved is substantially set forth in State v. Armstrong, 183 N.W.2d 205 (Iowa 1971) and need not be here repeated.

On this second appeal defendant asserts, as a sole ground for reversal, cumulative trial errors served, in effect, to unconstitutionally deny him a fair trial. In support thereof he calls into play U.S.Const., Amend. 14 and Iowa Const., art. I, § 9.

I. At the threshold it is apparent the constitutional attack here made was neither voiced in course of trial, nor raised by a motion for new trial or in arrest of judgment.

Repeatedly addressing ourselves to just such a situation we have held, constitutional issues cannot, as a general rule, be effectively invoked for the first time on appeal. See e. g., State v. Beer, 193 N.W.2d

530, 532 (Iowa 1972); State v. Halverson, 261 Iowa 530, 536, 155 N.W.2d 177 (1967). See also People v. Amerman, 50 Ill.2d 196, 279 N.E.2d 353, 354 (1971); State v. Phelps, 478 S.W.2d 304, 308 (Mo.1972); State v. Mayes, 183 Neb. 165, 159 N.W.2d 203, 205 (1968); State v. Williams, 84 S. D. 547, 173 N.W.2d 889, 893 (1970); State v. Phillips, 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971); 24 C.J.S. Criminal Law § 1669; cf. Cardinale v. Louisiana, 394 U.S. 437, 89 S.Ct. 1161, 22 L.Ed.2d 398 (1969). But see O'Connor v. Ohio, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189 (1966).

■ Moreover, we are satisfied and now hold the issues raised in course of trial to which defendant here alludes do not, individually or collectively, attain such fundamental stature as to dictate a review under the constitutional standards here inceptively invoked. See generally Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 2570, 33 L.Ed.2d 706 (1972); Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 1593, 91 L.Ed. 1982 (1947); Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 290, 86 L. Ed. 166 (1941); Vandergrift v. United States, 313 F.2d 93, 96 (9th Cir. 1963); 21 Am.Jur.2d, Criminal Law, § 220; 16 Am. Jur.2d, Constitutional Law, §§ 544–553; 16A C.J.S. Constitutional Law §§ 568–569.

II. On the other hand this court has held a finding of guilt will not be permitted to stand if, upon examination of the record pursuant to The Code 1966, Section 793.18, it appears an accused was not accorded a fair trial. See State v. Cartee, 202 N.W.2d 93, and citations (Iowa, Opinion filed November 15, 1972).

As best possible we shall so entertain this appeal upon issues gleaned from a fragmentary array of testimonial statements and reference to a requested jury instruction as found in defendant's brief. See Iowa R.Civ.P. 344(a)(b)(c); State v. Fiedler, 260 Iowa 1198, 1201–1202, 152 N. W.2d 236 (1967).

III. State's witness, L. V. Miller, real estate broker connected with a Cedar Falls savings and loan association, long acquainted with Stella Brimmer, alleged fraud victim, was asked:

"Do you have an opinion as to the capability of Stella Brimmer in July of 1968 * * *. to fully * * * understand and comprehend the investment of her money, the purchase of insurance, and other matters of this type and nature?"

Over defendant's no proper foundation, irrelevant and immaterial objection Mr. Miller answered: "My opinion is that she is capable, but she needs advice, and she depends so much on the confidence that she has in those that do advise her."

■ In the first place the foregoing objection actually presents nothing for review. See Jettre v. Healy, 245 Iowa 294, 299–300, 60 N.W.2d 541 (1953). See also Olson v. Katz, 201 N.W.2d 478, 481–482 (Iowa 1972); Twin-State Eng. & Chem. Co. v. Iowa State Hwy. Com'n., 197 N.W. 2d 575, 581 (Iowa 1972); U. S. Homes, Inc. v. Yates, 174 N.W.2d 402, 405 (Iowa 1970); State v. Thompson, 254 Iowa 331, 338–339, 117 N.W.2d 514 (1962); 1 Wigmore on Evidence, § 18, n. 24 at 332 (3d ed.).

Under existing conditions we elect, however, without establishing precedent, to weigh and resolve the instant assignment.

■ It is contended by defendant admission of the aforesaid evidence constituted prejudicial error. More specifically he seemingly argues, evidence tending to disclose Miss Brimmer's susceptibility to deception was not material to the determination of guilt or innocence.

In support of that position defendant leans heavily on this comment in State v. Comes, 245 Iowa 485, 488, 62 N.W.2d 753, 755 (1954):

"We have definitely repudiated the old doctrine that the pretenses must be such as to deceive a 'prudent and intelligent man', saying 'the law will afford protec-

tion to the dull, stupid, confiding, and imbecile against the acts of a cheat.' (Authority cited)."

But when fully considered it is apparent nothing in the above observation lends aid to Armstrong, being merely a condensed version of this more comprehensive statement in State v. Fooks, 65 Iowa 196, 198, 21 N.W. 561 (1884):

"It is argued that the pretenses were absurd, and of such character that a prudent and intelligent man would not have been deceived thereby. The law will afford protection to the dull, stupid, confiding, and imbecile against the acts of a cheat. The wise and prudent are not alone protected. If the false pretenses were made with the design of deceiving, and thereby obtaining credit or property, and had that effect, the guilty party cannot escape on the ground of the weak credulity of his victim. (Authority cited)."

In the same vein 32 Am.Jur.2d False Pretenses, § 52, says:

"[A] misrepresentation under which property or money was obtained is punishable even though the victim's deception is due to his own weakness and credulity, and that it is not necessary that the misrepresentation be such as to deceive persons of ordinary prudence. According to this view, it is only necessary that the misrepresentation actually deceive the victim. The inherent absurdity or lack of plausibility of the representation may be relevant to the question whether the party who parted with his money or property actually relied on the representation and was induced by it to part with his money or property. But, it is said, if he did so rely, it should make no difference, so far as the defendant's guilt is concerned, whether the pretenses were plausible or otherwise. The pretenses need not be in their character calculated to deceive any class of individuals or persons of any degree of men-

tality, since it is sufficient that the party was in fact deceived."

The foregoing alone demonstrates defendant's stand on the issue at hand is without merit.

Furthermore, admissibility of the controverted opinion evidence rested largely in the trial court's sound discretion. See Olson v. Katz, 201 N.W.2d at 482; State v. Knudtson, 195 N.W.2d 698, 700 (Iowa 1972); Weisbrod v. State, 193 N.W.2d 125, 127–128 (Iowa 1971); State v. McCarty, 179 N.W.2d 548, 551–552 (Iowa 1970).

There is no basis upon which to hold trial court abused the discretion so vested.

IV. Another witness for the prosecution was Tony Bos, former director of licensing and examining of agents, Iowa Insurance Department.

He was asked to express an opinion as to whether, under existing laws and departmental regulations, an unlicensed person could effect a valid sale of insurance within this state. Defendant's objections were, in substance, not the best evidence, immaterial and irrelevant.

At the outset it is apparent this witness was not called upon to prove existence or content of any statute or regulation. Thus the best evidence rule was inapplicable. See Daniels v. Bloomquist, 258 Iowa 301, 312, 138 N.W.2d 868 (1965).

Additionally, courts may, in this jurisdiction, take judicial notice of existing statutes. See Coleman v. Hall, 161 N.W. 2d 329, 332 (Iowa 1968). See also Code § 522.1.

The same is true as to departmental rules and regulations adopted pursuant to statutory authority, and by no objection did defendant raise any issue in this regard. See Socony Vacuum Oil Company v. State, 170 N.W.2d 378, 381 (Iowa 1969).

It is also conceded Mr. Bos qualified as an expert. Resultantly admission of his

opinion in evidence was not error. See Olson v. Katz, *supra*.

■ Neither did the court commit reversible error in sustaining the State's objection to a qualified hypothetical question put to this witness by defense counsel on cross-examination regarding validity of a policy issued upon application solicited in Iowa by an unlicensed agent. This hypothetical posed facts absent evidential support. See State v. Tharp, 258 Iowa 224, 233, 138 N.W.2d 78 (1965); State v. Hodge, 252 Iowa 449, 459–460, 105 N.W.2d 613 (1960). See generally 1 Wigmore on Evidence, § 18, n. 26 at 338 (3d ed.). Further discussion will serve no useful purpose.

■ V. The next error asserted relates to testimony of Robert Lewis, a Wabash Life Insurance Company official. Defendant apparently claims trial court erred in sustaining a prosecution objection to a hypothetical question asked of this witness by defense counsel.

The hypothetical posed was:

"But coming back to the legal proposition, if there were fraud present, and if these policies were routed through Mr. Vehlow, and if he had knowledge of the circumstances surrounding the writing of them or the taking of the application, the fraud would be also that of Mr. Vehlow, would it not?"

As noted by trial court, the record is barren of any showing that Mr. Vehlow knew anything about the securing of applications or writing of policies which were the subject of defendant's inquiry.

Moreover, the issue at hand was resolved adverse to defendant under our pronouncements in State v. Tharp and State v. Hodge, both cited above.

■ Neither was it error to overrule the multiple "immaterial and irrelevant", "invading the province of the court", and "having no bearing on the issues" objections intermittently interposed by defendant. See Olson v. Katz; Twin-State Eng. & Chem. Co. v. Iowa State Hwy. Com'n.; U. S. Homes, Inc. v. Yates; State v. Thompson, all cited above.

■ VI. Another complaint registered by defendant is that trial court erred in permitting David Northdurft to testify regarding a separate but similar offense in which this defendant participated.

Northdurft stated he, using an assumed name, sold a Wabash Life Insurance policy to Maude Squires for $310, later divided between himself, Shirley Buttolph, Wallace Hopkins and Armstrong.

Apparently defendant urges that testimony should not have been admitted or allowed to stand because Northdurft was an accomplice in the Squires' deal and his evidence with regard thereto was not corroborated. Maude Squires testified to the effect she never received the policy. Like evidence was introduced regarding other fraudulent dealings.

Defendant misconstrues Code § 782.5. Northdurft was not an accomplice in the instantly involved Brimmer transaction. And as this court said in State v. Jennings, 195 N.W.2d 351, 356 (Iowa 1972):

"The general rule for determining whether a witness is an accomplice is if he could be charged with and convicted *of the specific offense for which an accused is on trial.*" (Emphasis supplied.)

It is thus self-evident, corroboration of Northdurft's similar transaction testimony was not required.

We also determined its admissibility generally in Armstrong's prior appeal, 183 N.W.2d at 207–208. See also Spencer v. Texas, 385 U.S. 554, 560–561, 87 S.Ct. 648, 652, 17 L.Ed.2d 606 (1967); State v. True, 190 N.W.2d 405, 407 (Iowa 1971); State v. Wilson, 173 N.W.2d 563, 566 (Iowa 1970).

Defendant's complaint as to Northdurft's related offenses testimony is without substance.

VII. The final problem to be resolved is whether trial court erred in refusing to give an instruction to the jury requested by defendant.

■ This request, interlaced with multiple qualifying "ifs", stems from the same faulty premise heretofore considered regarding the hypothetical question put by defense counsel to the witness Lewis. In other words, defendant urged an instruction be submitted regarding the speculative effect of Robert Vehlow's knowledge and conduct absent any evidential support.

The impropriety of defendant's request is evidenced by these pertinent statements in State v. Perry, 246 Iowa 861, 866, 69 N. W.2d 412, 415 (1955):

> "The court's duty to instruct in such matters is confined to 'material questions of law in the case' whether requested or not, but this would apply only where relevant evidence was produced which would make apparent the materiality of the law claimed applicable thereto.
>
> "* * * .
>
> "The giving of instructions is governed largely by the evidence."

See also The Code, § 780.35; Iowa R.Civ. P. 196; State v. Davis, 175 N.W.2d 407, 410–411 (Iowa 1970); Sorensen Health Studio No. 11 v. McCoy, 261 Iowa 891, 896, 156 N.W.2d 341 (1968); Walker v. Sedrel, 260 Iowa 625, 632, 149 N.W.2d 874 (1967); Clubb v. Osborn, 256 Iowa 1154, 1160, 130 N.W.2d 648 (1964).

There is no merit in defendant's assignment as to refusal of his proposed instruction.

Having examined the record pursuant to Code § 793.18 we now hold defendant was accorded a fair trial.

Affirmed.